E-filing



ADR

FILED

JUL 1 7 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

1  BRIAN S. KABATECK, SBN 152054
   (bsk@kbklawyers.com)
2  RICHARD L. KELLNER, SBN 171416
   (rlk@kbklawyers.com)
3  ALFREDO TORRIJOS, SBN 222458
   (at@kbklawyers.com)
4  KABATECK BROWN KELLNER LLP
   644 South Figueroa Street
5  Los Angeles, California 90017
   Telephone: (213) 217-5000
6  Facsimile: (213) 217-5010

7  Attorneys for Plaintiff
   RK West, Inc.

8

9                    UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

FILED

JUL 1 7 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

11

12  RK West, Inc., a California corporation      CASE NO.
    d/b/a Malibu Wholesale,
13  individually and on Behalf of All Other      C08  03452  RS
    Similarly Situated,
14                                               CLASS ACTION COMPLAINT

15                        Plaintiff,

16                                               JURY TRIAL DEMANDED
                v.
17

18  GOOGLE, INC., a Delaware
    Corporation; and DOES 1 through 10,
19  inclusive,

20                        Defendants.

21

22

23        Plaintiff RK West, Inc. d/b/a Malibu Sales ("Plaintiff"), individually and on behalf

24  of the class described below, by its attorneys, makes the following allegations pursuant to

25  the investigation of its counsel and based upon information and belief except as to

26  allegations specifically pertaining to Plaintiff and its counsel, which are based on

27  personal knowledge.  Plaintiff brings this action for damages and injunctive relief against

28  defendant, demanding a trial by jury.

                              CLASS ACTION COMPLAINT

## NATURE OF THE ACTION

1.     Plaintiff brings this class action against Google, Inc. ("Google") to recover damages and other relief available at law and in equity on behalf of itself as well as on behalf of the members of the following class:

> *All persons or entities located within the United States who created an AdWords campaign and were subsequently charged for clicks from ads placed on parked domains.*

2.     This action arises from Google's deceptive, fraudulent and unfair practice of hiding the sources of invalid clicks from advertisers who seek on-line advertising through Google's AdWords.

3.     Google is commonly thought simply as an Internet search engine; in fact Google's business is online advertising. Google's business model is primarily dependent on connecting individuals who are searching the internet with advertisers who pay Google (and others) for each time the linkage occurs. The Google Network is the largest online advertising network in the United States.

4.     AdWords is Google's primary advertising program and is the main source of its revenue. Through AdWords, Google permits would-be advertisers to bid on words or phrases that will trigger the advertisers' ads. AdWords is premised on a pay-per-click ("PPC") model, meaning that advertisers pay only when their ads are clicked. In addition to being displayed on Google.com, the ads from Google's customers can also be placed on Google's "content network" which consists of sites that are not search engines. These content network sites include "parked domains" which are websites with no other content besides ads. This is done through the AdSense for Domains program, the other side of the Google advertising model.

5.     This action arises from the fact that Google does not disclose to its advertisers the web addresses of the parked domains where their ads were placed, clicked on and subsequently charged for. Google does this despite the fact that ads placed on parked domains are a constant source of invalid clicks. By charging for clicks in a single

Kabateck Brown Kellner LLP
644 South Figueroa Street
Los Angeles, California 90017
(213) 217-5000

— 2 —

1  bulk, generic "parked domain" category, advertisers have no way to distinguish between
2  valid and invalid clicks from parked domains. Nonetheless, Google charges for all clicks
3  from parked domains, regardless of validity.

4

5  **PARTIES**

6      6.    RK West, Inc. d/b/a Malibu Sales ("Plaintiff") is a California Corporation
7  doing business in the state of California. Plaintiff conducts a substantial predominance of
8  its business in California, where its headquarters are located, thus making California its
9  principal place of business. Accordingly, Plaintiff is a citizen of California. Plaintiff has
10  previously registered for an AdWords account and has also previously been charged for
11  clicks from ads placed on parked domains as more particularly described herein.

12      7.    Plaintiff is informed and believes and thereon alleges that defendant
13  Google, Inc. ("Google") is a Delaware Corporation doing business in the state of
14  California. Plaintiff is informed and believes and thereon alleges that there is no one
15  state where Google conducts a substantial predominance of its business, making its
16  principal place of business the state where it is headquartered. Google's headquarters –
17  and, thus, its principal place of business – are located at 1600 Amphitheatre Parkway,
18  Mountain View, California. Accordingly, Defendant Google is a citizen of Delaware and
19  California.

20      8.    Plaintiff does not know the true names or capacities of the persons or
21  entities sued herein as DOES 1 to 10, inclusive, and therefore sues such defendants by
22  such fictitious names. Plaintiff is informed and believes and thereon alleges that each of
23  the DOE defendants is in some manner legally responsible for the damages suffered by
24  Plaintiff and the members of the class as alleged herein. Plaintiff will amend this
25  complaint to set forth the true names and capacities of these defendants when they have
26  been ascertained, along with appropriate charging allegations, as may be necessary.

27

28

Kabateck Brown Kellner LLP
644 South Figueroa Stret
Los Angeles, California 90017
(213) 217-5000
FAX (213) 217-5010

— 3 —

Kabateck Brown Kellner LLP
644 South Figueroa Street
Los Angeles, California 90017
(213) 217-5000

## JURISDICTION AND VENUE

9.     This Court has diversity subject matter jurisdiction over this class action pursuant to 28 U.S.C. § 1332(d) in that this is a civil action filed under Rule 23 of the Federal Rules of Civil Procedure and members of the class of plaintiffs are citizens of a State different from defendant Google, and the aggregated amount in controversy exceeds $5,000,000, exclusive of interest and costs.  See 28 U.S.C. § 1332(d)(2), (6).

10.     Venue is proper in the Northern District of California pursuant to 28 U.S.C. § 1391(a) in that: (1) Google resides in this judicial district; (2) a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this judicial district; and (3) Google is subject to personal jurisdiction in the Northern District of California.

## FACTUAL BACKGROUND

11.     Google offers advertisers two types of ads.  The first is a search ad.  When an Internet user uses Google to search for a specific term or term, Google will display the ads of advertisers who have bid for those particular keywords.  The second type of ad is contextual based ads, or content ads.  These ads are shown on third party websites that have content that matches the keywords bid on by the advertiser.  For example, an ad for a hardware store may be shown on a website that has content about home improvement projects.

12.     An internet domain refers to the web address associated with a particular website. For example, the domain associated with the United States District Court in the Northern District of California is "cand.uscourts.gov." Domains are acquired by registering the name with an appropriate internet domain name registrar.

13.     A parked domain refers to a web address pointing to a website which contains no content besides ads. The domain name is registered for the sole purpose of selling the domain name at a later date, or to generate ad revenue. Since the domain name is no longer available for registration, it is commonly referred to as being "parked."

— 4 —

14. By default Google includes parked domains in its third party network. Domains owners are compensated for clicks that occur in these content-less websites through the Adsense for Domains program.

15. In order to advertise with Google, advertisers must register with AdWords, Google's advertising program. After registration advertisers are able to change the default option and exclude their ads from being placed on parked domains only after engaging a complicated account settings page.

12. Plaintiff enrolled in AdWords in or around August 2006. Plaintiff created several advertising campaigns for its online store business.

13. Plaintiff was charged for several clicks originating from parked domains, with no additional information given by Google as to the nature or specific source of these clicks beyond the designation "parked domain."

14. Plaintiff examined charges to its Adsense account from unknown domains labeled only as "parked domains." Upon further inspection Plaintiff realized that this traffic was being directed from parked domains which had little relation to its business, yet generated traffic to its site.

15. Despite indication that some of the clicks from parked domains were invalid, Google failed to disclose to the Plaintiff specific domains names in which these ads were clicked on, making detection of invalid clicks difficult and even worse concealing any evidence of invalid clicks.

16. Since Google profits from all generated clicks, regardless of validity they benefit by actively hiding sources of invalid clicks being charged to its advertisers. Hiding the source of parked domain clicks launders invalid clicks and makes any claims of invalid clicks from these sites nearly impossible to show.

///
///
///

Kabateck Brown Kellner LLP
644 South Figueroa Street
Los Angeles, California 90017
(213) 217-5000

— 5 —

**CLASS ACTION COMPLAINT**

## CLASS ALLEGATIONS

16.   <u>Description of the Class</u>: Plaintiff brings this nationwide class action on behalf of himself and the Class defined as follows:

> *All persons or entities located within the United States who created an AdWords campaign and were subsequently charged for clicks from ads placed on parked domains.*

17.   Excluded from the Class are governmental entities, Defendant, any entity in which Defendant has a controlling interest, and Defendant's officers, directors, affiliates, legal representatives, co-conspirators, successors, subsidiaries, and assigns.   Also excluded from the Class is any judge, justice, or judicial officer presiding over this matter and the members of their immediate families and judicial staff.

18.   Plaintiff reserves the right to modify the class description and the class period based on the results of discovery.

19.   <u>Numerosity</u>: The proposed Class is so numerous that individual joinder of all its members is impracticable. Due to the nature of the trade and commerce involved, however, Plaintiff believes that the total number of class members is at least in the hundreds of thousands and that the members of the Class are numerous and geographically dispersed across the United States. While the exact number and identities of class members are unknown at this time, such information can be ascertained through appropriate investigation and discovery. The disposition of the claims of the Class members in a single class action will provide substantial benefits to all parties and to the court.

20.   <u>Common Questions of Law and Fact Predominate</u>:   There are many questions of law and fact common to the representative Plaintiff and the proposed Class, and those questions substantially predominate over any individualized questions that may affect individual class members. Common questions of fact and law include, but are not limited to, the following:

Kabateck Brown Kellner LLP
644 South Figueroa Street
Los Angeles, California 90017
(213) 217-5000

a.   Whether Google committed fraud it failed to disclose sources of clicks from parked domains;

b.   Whether or not Plaintiff and the members of the Class have been damaged by the wrongs complained of herein, and if so, the measure of those damages and the nature and extent of other relief that should be afforded;

c.   Whether Google engaged in unfair, unlawful and/or fraudulent business practices; and

d.   Whether Google failed to disclose material facts about the subject Google Adwords program.

21.   Typicality:  Plaintiff's claims are typical of the claims of the members of the Class.  Plaintiff and all members of the Class have been similarly affected by Defendant's common course of conduct since material information pertaining to the source of clicks coming from parked domains was equally withheld from all.

22.   Adequacy of Representation:  Plaintiff will fairly and adequately represent and protect the interests of the Class.  Plaintiff has retained counsel with substantial experience in prosecuting complex and class action litigation.  Plaintiff and its counsel are committed to vigorously prosecuting this action on behalf of the Class, and have the financial resources to do so.  Neither Plaintiff nor its counsel has any interests adverse to those of the proposed Class.

23.   Superiority of a Class Action:  Plaintiff and the members of the Class have suffered, and will continue to suffer, harm as a result of Defendant's unlawful and wrongful conduct. A class action is superior to other available methods for the fair and efficient adjudication of the present controversy as individual joinder of all members of the Class is impractical.  Even if individual Class members had the resources to pursue individual litigation, it would be unduly burdensome to the courts in which the individual litigation would proceed.  Individual litigation magnifies the delay and expense to all parties in the court system of resolving the controversies engendered by Defendant's

Kabateck Brown Kellner LLP
644 South Figueroa Street
Los Angeles, California 90017
(213) 217-5000

— 7 —

CLASS ACTION COMPLAINT

1  common course of conduct.  The class action device allows a single court to provide the

2  benefits of unitary adjudication, judicial economy, and the fair and equitable handling of

3  all class members' claims in a single forum. The conduct of this action as a class action

4  conserves the resources of the parties and of the judicial system, and protects the rights of

5  the class member.  Furthermore, for many, if not most, Class members, a class action is

6  the only feasible mechanism that allows an opportunity for legal redress and justice.

7      24.    Adjudication of individual Class members' claims with respect to the

8  Defendant would, as a practical matter, be dispositive of the interests of other members

9  not parties to the adjudication and could substantially impair or impede the ability of

10  other Class members to protect their interests.

11

Kabateck Brown Kellner LLP
644 South Figueroa Street
Los Angeles, California 90017
(213) 217-5000

12              **FIRST CAUSE OF ACTION**

13                **UNJUST ENRICHMENT**

14      25.    Plaintiff realleges the preceding paragraphs as if fully set forth herein and,

15  to the extent necessary, pleads this cause of action in the alternative.

16      26.    Through the actions described above, Google has received money

17  belonging to Plaintiff and the Class through the fees collected ads placed on third party

18  parked domain sites.

19      27.    Additionally, Google has reaped substantial profit by concealing invalid

20  clicks from parked domains. Ultimately, this resulted in Google's wrongful receipt of

21  profits and injury to Plaintiff and the Class.  Google has benefited from the receipt of

22  such money that it would not have received but for its concealment.

23      28.    As a direct and proximate result of Google's misconduct as set forth above,

24  Google has been unjustly enriched.

25      29.    Under principles of equity and good conscience, Google should not be

26  permitted to keep the full amount of money belonging to Plaintiff and the Class which

27  Google has unjustly received as a result of its actions.

28      WHEREFORE, Plaintiff and the Class pray for relief as set forth below.

— 8 —

Kabateck Brown Kellner LLP
644 South Figueroa Street
Los Angeles, California 90017
Tel (213) 217-5000
Fax (213) 217-5010

## SECOND CAUSE OF ACTION

### FRAUDULENT CONCEALMENT

30.    Plaintiff realleges the preceding paragraphs as if fully set forth herein and, to the extent necessary, pleads this cause of action in the alternative.

31.    Google knew at all material times the source of invalid clicks from parked domains, and that its customers would not be able to distinguish between valid and invalid clicks from parked domains with the limited information that was provided to them. These facts were not known to Plaintiff and the Class.

32.    Google had a duty to disclose the above known material facts because it knew that these material facts were unknown to Plaintiff and the Class, that Google was in a superior position of knowledge with regard to its own technology, and Google chose to make certain representations that presented only a part of the true story and thus misled its customers.

33.    Google's knowledge that advertisers would be charged for invalid clicks hidden in the bulk AdWords charges from parked domains, combined with Google's knowledge that Plaintiff and the Class relied or relies upon Google to communicate the true state of facts relating to its AdWords program creates a legal obligation on Google's part to disclose the source of clicks originating from parked domains.

34.    Google intentionally concealed and/or suppressed the above facts with the intent to defraud Plaintiff and the Class.

35.    Plaintiff and the Class were unaware of the above facts and would not have acted as they did if they had known of the concealed material facts.

36.    Google's concealment of the above facts has caused damage to Plaintiff and the Class in an amount to be shown at trial.

WHEREFORE, Plaintiff and the Class pray for relief as set forth below.

///

///

///

— 9 —

## THIRD CAUSE OF ACTION

### VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE SECTIONS 17200 ET SEQ.

37.    Plaintiff realleges the preceding paragraphs as if fully set forth herein and, to the extent necessary, pleads this cause of action in the alternative.

38.    Plaintiff has standing to pursue this claim as Plaintiff has suffered injury in fact and has lost money or property as a result of Google's actions as delineated herein.

39.    Class members have suffered injury in fact and have lost money or property as a result of Google's actions as delineated herein.

40.    Google's actions as alleged in this complaint constitute an unfair or deceptive practice within the meaning of California Business and Professions Code sections 17200 *et seq.* in that Google's actions are unfair, unlawful and fraudulent, and because Google has made unfair, deceptive, untrue or misleading statements in advertising media, including the Internet, within the meaning of California Business and Professions Code sections 17500 *et seq.*

41.    Google's business practices, as alleged herein, are unfair because they offend established public policy and/or are immoral, unethical, oppressive, unscrupulous and/or substantially injurious to consumers in that consumers are not informed of the sources of invalid clicks for which they are charged for.

42.    Google's business practices, as alleged herein, are unlawful because the conduct constitutes fraudulent concealment, as well as the other causes of action herein alleged.

43.    Google's practices, as alleged herein, are fraudulent because they are likely to deceive consumers.

44.    Google's wrongful business acts alleged herein constituted, and constitute, a continuing course of conduct of unfair competition since Google is marketing and selling its products in a manner that is likely to deceive the public.

45.    Google's business acts and practices, as alleged herein, have caused injury

Kabateck Brown Kellner LLP
644 South Figueroa Street
Los Angeles, California 90017
(213) 217-5000
(213) 217-5010 fax

— 10 —

1  to Plaintiff, the Class and the public.

2      46.   Pursuant to section 17203 of the California Business and Professions Code,

3  Plaintiffs and the class seek an order of this court enjoining Google from continuing to

4  engage in unlawful, unfair, or deceptive business practices and any other act prohibited

5  by law, including those acts set forth in the complaint.  Plaintiff and the Class also seek

6  an order requiring Google to make full restitution of all moneys it wrongfully obtained

7  from Plaintiff and the Class.

8      WHEREFORE, Plaintiff and the Class pray for relief as set forth below.

9

## PRAYER FOR RELIEF

11     **WHEREFORE**, Plaintiff and members of the proposed Class request that the

12  court enter an order or judgment against Defendant as follows:

13     1.   Certification of the proposed Class and notice thereto to be paid by

14          Defendant;

15     2.   Adjudge and decree that Defendant has engaged in the conduct alleged

16          herein;

17     3.   For restitution and disgorgement on certain causes of action;

18     4.   For an injunction ordering Defendant to cease and desist from engaging in

19          the unfair, unlawful, and/or fraudulent practices alleged in the Complaint;

20     5.   For compensatory and general damages according to proof on certain

21          causes of action;

22     6.   For special damages according to proof on certain causes of action;

23     7.   For both pre and post-judgment interest at the maximum allowable rate on

24          any amounts awarded;

25     8.   Costs of the proceedings herein;

26     9.   Reasonable attorneys fees as allowed by statute; and

27  ///

28  ///

— 11 —

**CLASS ACTION COMPLAINT**

Kabateck Brown Kellner LLP
644 South Figueroa Street
Los Angeles, California 90017
(213) 217-5000

10. Any and all such other and further relief that this Court may deem just and proper.

Dated: July 17, 2008

KABATECK BROWN KELLNER, LLP



By

BRIAN S. KABATECK
RICHARD L. KELLNER
ALFREDO TORRIJOS
*Attorneys for Plaintiff and proposed class*

Kabateck Brown Kellner LLP
644 South Figueroa Street,
Los Angeles, California 90017
FAX (213) 217-5010

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury in the instant action.

Dated: July 17, 2008                    KABATECK BROWN KELLNER, LLP

By_____
   BRIAN S. KABATECK
   RICHARD L. KELLNER
   ALFREDO TORRIJOS
   *Attorneys for Plaintiff and proposed class*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Kabateck Brown Kellner LLP
644 South Figueroa Street
Los Angeles, California 90017
FAX (213) 217-5010

— 13 —
**CLASS ACTION COMPLAINT**

# CIVIL COVER SHEET

JS 44 (Rev 12/07) (cand rev 1-16-08)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS

RK West, Inc., a California corporation d/b/a Malibu Wholesale, individually and on behalf of all others similarly situated

**(b)** County of Residence of First Listed Plaintiff **Los Angeles**
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Brian S. Kabateck
KABATECK BROWN KELLNER LLP
644 So. Figueroa Ave
Los Angeles, California 90017

## DEFENDANTS

GOOGLE, INC., a Delaware Corporation, and DOES 1 through 250, inclusive

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorney's (If Known)

**C08    03452    RS**

**ADR**

**E-filing**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☐ 3 Federal Question (U.S. Government Not a Party) |
| ☐ 2 U.S. Government Defendant | ☒ 4 Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only) and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury— Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities— Employment | ☐ 540 Mandamus & Other | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities— Other | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus— Alien Detainee | | |
| | | | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

| | |
|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Appeal to District Judge from Magistrate Judgment |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC sec. 1332(d)(2) and 28 USC 1332(d)(6)

Brief description of cause:
Unjust Enrichment, Fraudulent Concealment, Violation of Calif. Bus & Prof. Code sec. 17200 et seq.

## VII. REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2) (PLACE AND "X" IN ONE BOX ONLY)

☒ SAN FRANCISCO/OAKLAND    ☒ SAN JOSE

DATE  **7/17/08**    SIGNATURE OF ATTORNEY OF RECORD

JS 44 Reverse (Rev. 12/07)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.**    **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**   **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.**  **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**   **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.**    **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.**   **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. Do not cite jurisdictional statutes unless diversity.    Example:    U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

**VII.**  **Requested In Complaint. Class Action.** Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

Date and Attorney Signature. Date and sign the civil cover sheet.