1  BRIAN S. KABATECK, SBN 152054
   (bsk@kbklawyers.com)
2  RICHARD L. KELLNER, SBN 171416
   (rlk@kbklawyers.com)
3  ALFREDO TORRIJOS, SBN 222458
   (at@kbklawyers.com)
4  KABATECK BROWN KELLNER LLP
   644 South Figueroa Street
5  Los Angeles, California 90017
   Telephone: (213) 217-5000
6  Facsimile: (213) 217-5010

7  ERIK S. SYVERSON, SBN 221933
   (eriksyverson@gmail.com)
8  PICK & BOYDSTON, LLP
   1000 Wilshire Boulevard, Suite 600
9  Los Angeles, CA 90017
   Telephone: (213) 624-1996
10 Facsimile: (213) 624-9073

11
   Attorneys for Plaintiff
12 RK West, Inc.

13

14                    **UNITED STATES DISTRICT COURT**

15                    **NORTHERN DISTRICT OF CALIFORNIA**

16

| | |
|---|---|
| 17  RK West, Inc., a California corporation d/b/a Malibu Wholesale, | CASE NO. C08-03452 RS |
| 18  individually and on Behalf of All Others Similarly Situated, | |
| 19 | **PLAINTIFF'S NOTICE OF ERRATA REGUARDING CLASS ACTION COMPLAINT** |
| 20               Plaintiff, | |
| 21               v. | |
| 22  GOOGLE, INC., a Delaware Corporation; and DOES 1 through 10, inclusive, | |
| 23 | |
| 24 | |
| 25               Defendants. | |

26

27

28

**ERRATA TO CLASS ACTION COMPLAINT**
**C08-03452 RS**

Kabateck Brown Kellner LLP
644 South Figueroa Street
Los Angeles, California 90017
(213) 217-5000
FAX (213) 217-5010

# NOTICE OF ERRATA REGUARDING CLASS ACTION COMPLAINT

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

Plaintiff RK West, Inc. ("Plaintiff") hereby submits this errata to its Class Action Complaint, filed July 17, 2008.

On page 1, the complaint inadvertently omitted the name of an additional attorney for the Plaintiff. Page 1 should include the following attorney information:

ERIK S. SYVERSON, SBN 221933
 (eriksyverson@gmail.com)
PICK & BOYDSTON, LLP
1000 Wilshire Boulevard, Suite 600
Los Angeles, CA 90017
Telephone: (213) 624-1996
Facsimile:  (213) 624-9073

On page 12 and 13, the complaint also inadvertently omitted the information of an additional attorney below the signature line. Pages 12 and 13 should include the names:

PICK & BOYDSTON, LLP
ERIK S. SYVERSON

A correct complaint is attached hereto as Exhibit 1.  No other changes were made to the complaint.

Respectfully Submitted,

DATED:  August 6, 2008        By:       /s/
                                   **KABATECK BROWN KELLNER LLP**
                                   Brian S. Kabateck
                                   Richard L. Kellner
                                   Alfredo Torrijos
                                   *Counsel for Plaintiff and the proposed class*

                                   **PICK & BOYDSTON, LLP**
                                   Erik S. Syverson
                                   *Counsel for Plaintiff and the proposed class*

— 2 —

**ERRATA TO CLASS ACTION COMPLAINT**
**C08-03452 RS**

**EXHIBIT A**

1  BRIAN S. KABATECK, SBN 152054
    (bsk@kbklawyers.com)
2  RICHARD L. KELLNER, SBN 171416
    (rlk@kbklawyers.com)
3  ALFREDO TORRIJOS, SBN 222458
    (at@kbklawyers.com)
4  KABATECK BROWN KELLNER LLP
   644 South Figueroa Street
5  Los Angeles, California 90017
   Telephone: (213) 217-5000
6  Facsimile: (213) 217-5010

7  ERIK S. SYVERSON, SBN 221933
    (eriksyverson@gmail.com)
8  PICK & BOYDSTON, LLP
   1000 Wilshire Boulevard, Suite 600
9  Los Angeles, CA 90017
   Telephone: (213) 624-1996
10 Facsimile: (213) 624-9073

11
12 Attorneys for Plaintiff
   RK West, Inc.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RK West, Inc., a California corporation d/b/a Malibu Wholesale, individually and on Behalf of All Others Similarly Situated,<br><br>           Plaintiff,<br><br>      v.<br><br>GOOGLE, INC., a Delaware Corporation; and DOES 1 through 10, inclusive,<br><br>           Defendants. | CASE NO.<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff RK West, Inc. d/b/a Malibu Sales ("Plaintiff"), individually and on behalf of the class described below, by its attorneys, makes the following allegations pursuant to

**CLASS ACTION COMPLAINT**

1  the investigation of its counsel and based upon information and belief except as to
2  allegations specifically pertaining to Plaintiff and its counsel, which are based on
3  personal knowledge. Plaintiff brings this action for damages and injunctive relief against
4  defendant, demanding a trial by jury.

5  **NATURE OF THE ACTION**

6  1.  Plaintiff brings this class action against Google, Inc. ("Google") to recover
7  damages and other relief available at law and in equity on behalf of itself as well as on
8  behalf of the members of the following class:

9  *All persons or entities located within the United States who*
10  *created an AdWords campaign and were subsequently*
11  *charged for clicks from ads placed on parked domains.*

12  2.  This action arises from Google's deceptive, fraudulent and unfair practice
13  of hiding the sources of invalid clicks from advertisers who seek on-line advertising
14  through Google's AdWords.

15  3.  Google is commonly thought simply as an Internet search engine; in fact
16  Google's business is online advertising. Google's business model is primarily dependent
17  on connecting individuals who are searching the internet with advertisers who pay
18  Google (and others) for each time the linkage occurs. The Google Network is the largest
19  online advertising network in the United States.

20  4.  AdWords is Google's primary advertising program and is the main source
21  of its revenue. Through AdWords, Google permits would-be advertisers to bid on words
22  or phrases that will trigger the advertisers' ads. AdWords is premised on a pay-per-click
23  ("PPC") model, meaning that advertisers pay only when their ads are clicked. In addition
24  to being displayed on Google.com, the ads from Google's customers can also be placed
25  on Google's "content network" which consists of sites that are not search engines. These
26  content network sites include "parked domains" which are websites with no other content
27  besides ads. This is done through the AdSense for Domains program, the other side of
28  the Google advertising model.

Kabateck Brown Kellner LLP
644 South Figueroa Street
Los Angeles, California 90017
(213) 217-5000
FAX (213) 217-5010

— 2 —
**CLASS ACTION COMPLAINT**

5. This action arises from the fact that Google does not disclose to its advertisers the web addresses of the parked domains where their ads were placed, clicked on and subsequently charged for. Google does this despite the fact that ads placed on parked domains are a constant source of invalid clicks. By charging for clicks in a single bulk, generic "parked domain" category, advertisers have no way to distinguish between valid and invalid clicks from parked domains. Nonetheless, Google charges for all clicks from parked domains, regardless of validity.

## **PARTIES**

6. RK West, Inc. d/b/a Malibu Sales ("Plaintiff") is a California Corporation doing business in the state of California. Plaintiff conducts a substantial predominance of its business in California, where its headquarters are located, thus making California its principal place of business. Accordingly, Plaintiff is a citizen of California. Plaintiff has previously registered for an AdWords account and has also previously been charged for clicks from ads placed on parked domains as more particularly described herein.

7. Plaintiff is informed and believes and thereon alleges that defendant Google. Inc. ("Google") is a Delaware Corporation doing business in the state of California. Plaintiff is informed and believes and thereon alleges that there is no one state where Google conducts a substantial predominance of its business, making its principal place of business the state where it is headquartered. Google's headquarters – and, thus, its principal place of business – are located at 1600 Amphitheatre Parkway, Mountain View, California. Accordingly, Defendant Google is a citizen of Delaware and California.

8. Plaintiff does not know the true names or capacities of the persons or entities sued herein as DOES 1 to 10, inclusive, and therefore sues such defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each of the DOE defendants is in some manner legally responsible for the damages suffered by Plaintiff and the members of the class as alleged herein. Plaintiff will amend this

Kabateck Brown Kellner LLP
644 South Figueroa Street
Los Angeles, California 90017
(213) 217-5000
FAX (213) 217-5010

— 3 —
**CLASS ACTION COMPLAINT**

complaint to set forth the true names and capacities of these defendants when they have been ascertained, along with appropriate charging allegations, as may be necessary.

## JURISDICTION AND VENUE

9. This Court has diversity subject matter jurisdiction over this class action pursuant to 28 U.S.C. § 1332(d) in that this is a civil action filed under Rule 23 of the Federal Rules of Civil Procedure and members of the class of plaintiffs are citizens of a State different from defendant Google, and the aggregated amount in controversy exceeds $5,000,000, exclusive of interest and costs. See 28 U.S.C. § 1332(d)(2), (6).

10. Venue is proper in the Northern District of California pursuant to 28 U.S.C. § 1391(a) in that: (1) Google resides in this judicial district; (2) a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this judicial district; and (3) Google is subject to personal jurisdiction in the Northern District of California.

## FACTUAL BACKGROUND

11. Google offers advertisers two types of ads. The first is a search ad. When an Internet user uses Google to search for a specific term or term, Google will display the ads of advertisers who have bid for those particular keywords. The second type of ad is contextual based ads, or content ads. These ads are shown on third party websites that have content that matches the keywords bid on by the advertiser. For example, an ad for a hardware store may be shown on a website that has content about home improvement projects.

12. An internet domain refers to the web address associated with a particular website. For example, the domain associated with the United States District Court in the Northern District of California is "cand.uscourts.gov." Domains are acquired by registering the name with an appropriate internet domain name registrar.

Kabateck Brown Kellner LLP
644 South Figueroa Street
Los Angeles, California 90017
(213) 217-5000
FAX (213) 217-5010

13. A parked domain refers to a web address pointing to a website which contains no content besides ads. The domain name is registered for the sole purpose of selling the domain name at a later date, or to generate ad revenue. Since the domain name is no longer available for registration, it is commonly referred to as being "parked."

14. By default Google includes parked domains in its third party network. Domains owners are compensated for clicks that occur in these content-less websites through the Adsense for Domains program.

15. In order to advertise with Google, advertisers must register with AdWords, Google's advertising program. After registration advertisers are able to change the default option and exclude their ads from being placed on parked domains only after engaging a complicated account settings page.

12. Plaintiff enrolled in AdWords in or around August 2006. Plaintiff created several advertising campaigns for its online store business.

13. Plaintiff was charged for several clicks originating from parked domains, with no additional information given by Google as to the nature or specific source of these clicks beyond the designation "parked domain."

14. Plaintiff examined charges to its Adsense account from unknown domains labeled only as "parked domains." Upon further inspection Plaintiff realized that this traffic was being directed from parked domains which had little relation to its business, yet generated traffic to its site.

15. Despite indication that some of the clicks from parked domains were invalid, Google failed to disclose to the Plaintiff specific domains names in which these ads were clicked on, making detection of invalid clicks difficult and even worse concealing any evidence of invalid clicks.

16. Since Google profits from all generated clicks, regardless of validity they benefit by actively hiding sources of invalid clicks being charged to its advertisers. Hiding the source of parked domain clicks launders invalid clicks and makes any claims of invalid clicks from these sites nearly impossible to show.

— 5 —
**CLASS ACTION COMPLAINT**

## CLASS ALLEGATIONS

16. <u>Description of the Class</u>: Plaintiff brings this nationwide class action on behalf of himself and the Class defined as follows:

> *All persons or entities located within the United States who created an AdWords campaign and were subsequently charged for clicks from ads placed on parked domains.*

17. Excluded from the Class are governmental entities, Defendant, any entity in which Defendant has a controlling interest, and Defendant's officers, directors, affiliates, legal representatives, co-conspirators, successors, subsidiaries, and assigns. Also excluded from the Class is any judge, justice, or judicial officer presiding over this matter and the members of their immediate families and judicial staff.

18. Plaintiff reserves the right to modify the class description and the class period based on the results of discovery.

19. <u>Numerosity</u>: The proposed Class is so numerous that individual joinder of all its members is impracticable. Due to the nature of the trade and commerce involved, however, Plaintiff believes that the total number of class members is at least in the hundreds of thousands and that the members of the Class are numerous and geographically dispersed across the United States. While the exact number and identities of class members are unknown at this time, such information can be ascertained through appropriate investigation and discovery. The disposition of the claims of the Class members in a single class action will provide substantial benefits to all parties and to the court.

20. <u>Common Questions of Law and Fact Predominate</u>: There are many questions of law and fact common to the representative Plaintiff and the proposed Class, and those questions substantially predominate over any individualized questions that may affect individual class members. Common questions of fact and law include, but are not limited to, the following:

      a.    Whether Google committed fraud it failed to disclose sources of clicks from parked domains;

      b.    Whether or not Plaintiff and the members of the Class have been damaged by the wrongs complained of herein, and if so, the measure of those damages and the nature and extent of other relief that should be afforded;

      c.    Whether Google engaged in unfair, unlawful and/or fraudulent business practices; and

      d.    Whether Google failed to disclose material facts about the subject Google Adwords program.

21.    <u>Typicality</u>:  Plaintiff's claims are typical of the claims of the members of the Class. Plaintiff and all members of the Class have been similarly affected by Defendant's common course of conduct since material information pertaining to the source of clicks coming from parked domains was equally withheld from all.

22.    <u>Adequacy of Representation</u>:  Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff has retained counsel with substantial experience in prosecuting complex and class action litigation. Plaintiff and its counsel are committed to vigorously prosecuting this action on behalf of the Class, and have the financial resources to do so. Neither Plaintiff nor its counsel has any interests adverse to those of the proposed Class.

23.    <u>Superiority of a Class Action</u>:  Plaintiff and the members of the Class have suffered, and will continue to suffer, harm as a result of Defendant's unlawful and wrongful conduct. A class action is superior to other available methods for the fair and efficient adjudication of the present controversy as individual joinder of all members of the Class is impractical. Even if individual Class members had the resources to pursue individual litigation, it would be unduly burdensome to the courts in which the individual litigation would proceed. Individual litigation magnifies the delay and expense to all parties in the court system of resolving the controversies engendered by Defendant's

common course of conduct. The class action device allows a single court to provide the benefits of unitary adjudication, judicial economy, and the fair and equitable handling of all class members' claims in a single forum. The conduct of this action as a class action conserves the resources of the parties and of the judicial system, and protects the rights of the class member. Furthermore, for many, if not most, Class members, a class action is the only feasible mechanism that allows an opportunity for legal redress and justice.

24. Adjudication of individual Class members' claims with respect to the Defendant would, as a practical matter, be dispositive of the interests of other members not parties to the adjudication and could substantially impair or impede the ability of other Class members to protect their interests.

## FIRST CAUSE OF ACTION
## UNJUST ENRICHMENT

25. Plaintiff realleges the preceding paragraphs as if fully set forth herein and, to the extent necessary, pleads this cause of action in the alternative.

26. Through the actions described above, Google has received money belonging to Plaintiff and the Class through the fees collected ads placed on third party parked domain sites.

27. Additionally, Google has reaped substantial profit by concealing invalid clicks from parked domains. Ultimately, this resulted in Google's wrongful receipt of profits and injury to Plaintiff and the Class. Google has benefited from the receipt of such money that it would not have received but for its concealment.

28. As a direct and proximate result of Google's misconduct as set forth above, Google has been unjustly enriched.

29. Under principles of equity and good conscience, Google should not be permitted to keep the full amount of money belonging to Plaintiff and the Class which Google has unjustly received as a result of its actions.

WHEREFORE, Plaintiff and the Class pray for relief as set forth below.

## SECOND CAUSE OF ACTION

## FRAUDULENT CONCEALMENT

30. Plaintiff realleges the preceding paragraphs as if fully set forth herein and, to the extent necessary, pleads this cause of action in the alternative.

31. Google knew at all material times the source of invalid clicks from parked domains, and that its customers would not be able to distinguish between valid and invalid clicks from parked domains with the limited information that was provided to them. These facts were not known to Plaintiff and the Class.

32. Google had a duty to disclose the above known material facts because it knew that these material facts were unknown to Plaintiff and the Class, that Google was in a superior position of knowledge with regard to its own technology, and Google chose to make certain representations that presented only a part of the true story and thus misled its customers.

33. Google's knowledge that advertisers would be charged for invalid clicks hidden in the bulk AdWords charges from parked domains, combined with Google's knowledge that Plaintiff and the Class relied or relies upon Google to communicate the true state of facts relating to its AdWords program creates a legal obligation on Google's part to disclose the source of clicks originating from parked domains.

34. Google intentionally concealed and/or suppressed the above facts with the intent to defraud Plaintiff and the Class.

35. Plaintiff and the Class were unaware of the above facts and would not have acted as they did if they had known of the concealed material facts.

36. Google's concealment of the above facts has caused damage to Plaintiff and the Class in an amount to be shown at trial.

WHEREFORE, Plaintiff and the Class pray for relief as set forth below.

/ / /

/ / /

/ / /

**CLASS ACTION COMPLAINT**

# THIRD CAUSE OF ACTION

## VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE SECTIONS 17200 ET SEQ.

37. Plaintiff realleges the preceding paragraphs as if fully set forth herein and, to the extent necessary, pleads this cause of action in the alternative.

38. Plaintiff has standing to pursue this claim as Plaintiff has suffered injury in fact and has lost money or property as a result of Google's actions as delineated herein.

39. Class members have suffered injury in fact and have lost money or property as a result of Google's actions as delineated herein.

40. Google's actions as alleged in this complaint constitute an unfair or deceptive practice within the meaning of California Business and Professions Code sections 17200 *et seq.* in that Google's actions are unfair, unlawful and fraudulent, and because Google has made unfair, deceptive, untrue or misleading statements in advertising media, including the Internet, within the meaning of California Business and Professions Code sections 17500 *et seq*.

41. Google's business practices, as alleged herein, are unfair because they offend established public policy and/or are immoral, unethical, oppressive, unscrupulous and/or substantially injurious to consumers in that consumers are not informed of the sources of invalid clicks for which they are charged for.

42. Google's business practices, as alleged herein, are unlawful because the conduct constitutes fraudulent concealment, as well as the other causes of action herein alleged.

43. Google's practices, as alleged herein, are fraudulent because they are likely to deceive consumers.

44. Google's wrongful business acts alleged herein constituted, and constitute, a continuing course of conduct of unfair competition since Google is marketing and selling its products in a manner that is likely to deceive the public.

45. Google's business acts and practices, as alleged herein, have caused injury

1  to Plaintiff, the Class and the public.

2  46. Pursuant to section 17203 of the California Business and Professions Code, Plaintiffs and the class seek an order of this court enjoining Google from continuing to engage in unlawful, unfair, or deceptive business practices and any other act prohibited by law, including those acts set forth in the complaint. Plaintiff and the Class also seek an order requiring Google to make full restitution of all moneys it wrongfully obtained from Plaintiff and the Class.

WHEREFORE, Plaintiff and the Class pray for relief as set forth below.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff and members of the proposed Class request that the court enter an order or judgment against Defendant as follows:

1. Certification of the proposed Class and notice thereto to be paid by Defendant;
2. Adjudge and decree that Defendant has engaged in the conduct alleged herein;
3. For restitution and disgorgement on certain causes of action;
4. For an injunction ordering Defendant to cease and desist from engaging in the unfair, unlawful, and/or fraudulent practices alleged in the Complaint;
5. For compensatory and general damages according to proof on certain causes of action;
6. For special damages according to proof on certain causes of action;
7. For both pre and post-judgment interest at the maximum allowable rate on any amounts awarded;
8. Costs of the proceedings herein;

///
///
///

— 11 —
**CLASS ACTION COMPLAINT**

1   9.  Reasonable attorneys fees as allowed by statute; and
2   10. Any and all such other and further relief that this Court may deem just and
3       proper.

Dated: July 17, 2008

By: _____

KABATECK BROWN KELLNER, LLP
BRIAN S. KABATECK
RICHARD L. KELLNER
ALFREDO TORRIJOS

PICK & BOYDSTON, LLP
ERIK S. SYVERSON

*Attorneys for Plaintiff and proposed class*

Kabateck Brown Kellner LLP
644 South Figueroa Street
Los Angeles, California 90017
(213) 217-5000
FAX (213) 217-5010

— 12 —
**CLASS ACTION COMPLAINT**

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury in the instant action.

Dated: July 17, 2008

By: _____

KABATECK BROWN KELLNER, LLP
BRIAN S. KABATECK
RICHARD L. KELLNER
ALFREDO TORRIJOS

PICK & BOYDSTON, LLP
ERIK S. SYVERSON

*Attorneys for Plaintiff and proposed class*

Kabateck Brown Kellner LLP
644 South Figueroa Street
Los Angeles, California 90017
(213) 217-5000
FAX (213) 217-5010

— 13 —
**CLASS ACTION COMPLAINT**