BRIAN S. KABATECK, SBN 152054
(bsk@kbklawyers.com)
RICHARD L. KELLNER, SBN 171416
(rlk@kbklawyers.com)
ALFREDO TORRIJOS SBN 222458
(at@kbklawyers.com)
KABATECK BROWN KELLNER LLP
644 South Figueroa Street
Los Angeles, California 90017
Telephone: (213) 217-5000
Facsimile: (213) 217-5010

Attorneys for Plaintiff RK West, Inc.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| RK WEST, INC., A California corporation d/b/a Malibu Wholesale, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>GOOGLE, INC., a Delaware Corporation,<br><br>Defendants. | CASE NO. C 08-03452<br><br>Judge: Hon. Ronald M. Whyte<br><br>**DECLARATION OF BRIAN S. KABATECK IN SUPPORT OF PLAINTIFF RK WEST, INC.'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED** |

1.   I am an attorney duly licensed by the State of California and am admitted to practice before this Court. I am a managing partner at Kabateck Brown Kellner LLP, attorneys of record for plaintiff in *RK West, Inc. v. Google, Inc.*, Case No. C08-03452 ("*RK West*"). I make this declaration in support of plaintiff RK West, Inc.'s Administrative Motion to Consider Whether Cases Should Be Related. The matters set forth herein are of my own personal knowledge, and if called and sworn as a witness I could competently testify regarding them.

2. Attached hereto as Exhibit A is a true and correct copy of a complaint captioned *RK West, Inc. v. Google, Inc.*, Case No. 08-03452- filed in the Northern District of California, pending before the Honorable Ronald M. Whyte.

3. *RK West* is a proposed class action on behalf of Google AdWords customers. *Levitte*, *RK West* and *Pulaski* all assert claims for violations of the California Business and Professions Code, fraudulent concealment and unjust enrichment against the same sole defendant, Google, Inc.

4. A stipulation pursuant to Civil Local Rule 7-11(a) could not be obtained because defendant asked plaintiff's counsel to stipulate that all related cases be moved before Judge Whyte; this is wholly inappropriate.

5. Defendant contends that *Almeida v. Google, Inc.*, Case No. 08-02088, *Levitte*, *RK West, and Pulaski* are all related cases. Defendant further contends that if the Court relates these cases, the cases should all be moved before Judge Whyte because *Almeida*, the earliest filing, is already before Judge Whyte. Defendant's position is premised on a weak attempt to relate *Levitte, RK West*, and *Pulaski* to *Almeida*. *Almeida* is a putative class action which, under Civil L.R. 3-12, cannot logically be related to *Levitte, RK West,* and *Pulaski*. Plaintiff Almeida seeks relief on behalf of a putative class of persons which is **wholly** distinguished from the *Levitte, RK West* and *Pulaski* classes. Moreover, the causes of action raised in *Almeida* call for a determination of questions of law and fact **entirely different** from those called for by *Levitte, RK West,* and *Pulaski*.

6. *Levitte, RK West* and *Pulaski* all are class actions that deal with the issue of misrepresentations by Google, Inc. in connection with "domain parking." Those allegations are not covered at all by the *Almeida* class action, which deals with the issue of CPC content bids. It is quite likely that there are members of the *Levitte, RK West* and *Pulaski* class actions who are not members of the *Almeida* class action.

7. The *Levitte* action is the low-numbered case for purposes of relating. *Levitte* is presently pending before Judge James Ware; therefore, if the Court relates *Levitte, RK West*,

and *Pulaski*, then the appropriate judge to hear the cases is Judge Ware, and not Judge Whyte. For these reasons plaintiff's counsel did not stipulate that the cases are related.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 29th day of August, 2008 at Los Angeles, California.

/s/ *Brian S. Kabateck*
Brian S. Kabateck

**Exhibit A**



1  BRIAN S. KABATECK, SBN 152054
   (bsk@kbklawyers.com)
2  RICHARD L. KELLNER, SBN 171416
   (rlk@kbklawyers.com)
3  ALFREDO TORRIJOS, SBN 222458
   (at@kbklawyers.com)
4  KABATECK BROWN KELLNER LLP
   644 South Figueroa Street
5  Los Angeles, California 90017
   Telephone: (213) 217-5000
6  Facsimile: (213) 217-5010

7  Attorneys for Plaintiff
   RK West, Inc.
8

9                UNITED STATES DISTRICT COURT
10               NORTHERN DISTRICT OF CALIFORNIA
11

12 RK West, Inc., a California corporation    CASE NO.
   d/b/a Malibu Wholesale,
13 individually and on Behalf of All Others    C08-03452 RS
   Similarly Situated,                         CLASS ACTION COMPLAINT
14
15              Plaintiff,
16                                              JURY TRIAL DEMANDED
         v.
17
18 GOOGLE, INC., a Delaware
   Corporation; and DOES 1 through 10,
19 inclusive,
20              Defendants.
21
22
23       Plaintiff RK West, Inc. d/b/a Malibu Sales ("Plaintiff"), individually and on behalf
24 of the class described below, by its attorneys, makes the following allegations pursuant to
25 the investigation of its counsel and based upon information and belief except as to
26 allegations specifically pertaining to Plaintiff and its counsel, which are based on
27 personal knowledge. Plaintiff brings this action for damages and injunctive relief against
28 defendant, demanding a trial by jury.

CLASS ACTION COMPLAINT

## NATURE OF THE ACTION

1. Plaintiff brings this class action against Google, Inc. ("Google") to recover damages and other relief available at law and in equity on behalf of itself as well as on behalf of the members of the following class:

   *All persons or entities located within the United States who created an AdWords campaign and were subsequently charged for clicks from ads placed on parked domains.*

2. This action arises from Google's deceptive, fraudulent and unfair practice of hiding the sources of invalid clicks from advertisers who seek on-line advertising through Google's AdWords.

3. Google is commonly thought simply as an Internet search engine; in fact Google's business is online advertising. Google's business model is primarily dependent on connecting individuals who are searching the internet with advertisers who pay Google (and others) for each time the linkage occurs. The Google Network is the largest online advertising network in the United States.

4. AdWords is Google's primary advertising program and is the main source of its revenue. Through AdWords, Google permits would-be advertisers to bid on words or phrases that will trigger the advertisers' ads. AdWords is premised on a pay-per-click ("PPC") model, meaning that advertisers pay only when their ads are clicked. In addition to being displayed on Google.com, the ads from Google's customers can also be placed on Google's "content network" which consists of sites that are not search engines. These content network sites include "parked domains" which are websites with no other content besides ads. This is done through the AdSense for Domains program, the other side of the Google advertising model.

5. This action arises from the fact that Google does not disclose to its advertisers the web addresses of the parked domains where their ads were placed, clicked on and subsequently charged for. Google does this despite the fact that ads placed on parked domains are a constant source of invalid clicks. By charging for clicks in a single

— 2 —
CLASS ACTION COMPLAINT

07-17-2008  09:53AM  FROM-  Case 5:08-cv-03452-RMW   Document 1   Filed 07/17/2008   Page 3 of 13   F-653

1 bulk, generic "parked domain" category, advertisers have no way to distinguish between
2 valid and invalid clicks from parked domains. Nonetheless, Google charges for all clicks
3 from parked domains, regardless of validity.

## PARTIES

6. RK West, Inc. d/b/a Malibu Sales ("Plaintiff") is a California Corporation doing business in the state of California. Plaintiff conducts a substantial predominance of its business in California, where its headquarters are located, thus making California its principal place of business. Accordingly, Plaintiff is a citizen of California. Plaintiff has previously registered for an AdWords account and has also previously been charged for clicks from ads placed on parked domains as more particularly described herein.

7. Plaintiff is informed and believes and thereon alleges that defendant Google, Inc. ("Google") is a Delaware Corporation doing business in the state of California. Plaintiff is informed and believes and thereon alleges that there is no one state where Google conducts a substantial predominance of its business, making its principal place of business the state where it is headquartered. Google's headquarters – and, thus, its principal place of business – are located at 1600 Amphitheatre Parkway, Mountain View, California. Accordingly, Defendant Google is a citizen of Delaware and California.

8. Plaintiff does not know the true names or capacities of the persons or entities sued herein as DOES 1 to 10, inclusive, and therefore sues such defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each of the DOE defendants is in some manner legally responsible for the damages suffered by Plaintiff and the members of the class as alleged herein. Plaintiff will amend this complaint to set forth the true names and capacities of these defendants when they have been ascertained, along with appropriate charging allegations, as may be necessary.

Kabateck Brown Kellner LLP
644 South Figueroa Street
Los Angeles, California 90017
(213) 217-5000

— 3 —
CLASS ACTION COMPLAINT

## JURISDICTION AND VENUE

9. This Court has diversity subject matter jurisdiction over this class action pursuant to 28 U.S.C. § 1332(d) in that this is a civil action filed under Rule 23 of the Federal Rules of Civil Procedure and members of the class of plaintiffs are citizens of a State different from defendant Google, and the aggregated amount in controversy exceeds $5,000,000, exclusive of interest and costs. See 28 U.S.C. § 1332(d)(2), (6).

10. Venue is proper in the Northern District of California pursuant to 28 U.S.C. § 1391(a) in that: (1) Google resides in this judicial district; (2) a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this judicial district; and (3) Google is subject to personal jurisdiction in the Northern District of California.

## FACTUAL BACKGROUND

11. Google offers advertisers two types of ads. The first is a search ad. When an Internet user uses Google to search for a specific term or term, Google will display the ads of advertisers who have bid for those particular keywords. The second type of ad is contextual based ads, or content ads. These ads are shown on third party websites that have content that matches the keywords bid on by the advertiser. For example, an ad for a hardware store may be shown on a website that has content about home improvement projects.

12. An internet domain refers to the web address associated with a particular website. For example, the domain associated with the United States District Court in the Northern District of California is "cand.uscourts.gov." Domains are acquired by registering the name with an appropriate internet domain name registrar.

13. A parked domain refers to a web address pointing to a website which contains no content besides ads. The domain name is registered for the sole purpose of selling the domain name at a later date, or to generate ad revenue. Since the domain name is no longer available for registration, it is commonly referred to as being "parked."

— 4 —
CLASS ACTION COMPLAINT

14. By default Google includes parked domains in its third party network. Domains owners are compensated for clicks that occur in these content-less websites through the Adsense for Domains program.

15. In order to advertise with Google, advertisers must register with AdWords, Google's advertising program. After registration advertisers are able to change the default option and exclude their ads from being placed on parked domains only after engaging a complicated account settings page.

12. Plaintiff enrolled in AdWords in or around August 2006. Plaintiff created several advertising campaigns for its online store business.

13. Plaintiff was charged for several clicks originating from parked domains, with no additional information given by Google as to the nature or specific source of these clicks beyond the designation "parked domain."

14. Plaintiff examined charges to its Adsense account from unknown domains labeled only as "parked domains." Upon further inspection Plaintiff realized that this traffic was being directed from parked domains which had little relation to its business, yet generated traffic to its site.

15. Despite indication that some of the clicks from parked domains were invalid, Google failed to disclose to the Plaintiff specific domains names in which these ads were clicked on, making detection of invalid clicks difficult and even worse concealing any evidence of invalid clicks.

16. Since Google profits from all generated clicks, regardless of validity they benefit by actively hiding sources of invalid clicks being charged to its advertisers. Hiding the source of parked domain clicks launders invalid clicks and makes any claims of invalid clicks from these sites nearly impossible to show.

///
///
///

## CLASS ALLEGATIONS

16. <u>Description of the Class</u>: Plaintiff brings this nationwide class action on behalf of himself and the Class defined as follows:

> *All persons or entities located within the United States who created an AdWords campaign and were subsequently charged for clicks from ads placed on parked domains.*

17. Excluded from the Class are governmental entities, Defendant, any entity in which Defendant has a controlling interest, and Defendant's officers, directors, affiliates, legal representatives, co-conspirators, successors, subsidiaries, and assigns. Also excluded from the Class is any judge, justice, or judicial officer presiding over this matter and the members of their immediate families and judicial staff.

18. Plaintiff reserves the right to modify the class description and the class period based on the results of discovery.

19. <u>Numerosity</u>: The proposed Class is so numerous that individual joinder of all its members is impracticable. Due to the nature of the trade and commerce involved, however, Plaintiff believes that the total number of class members is at least in the hundreds of thousands and that the members of the Class are numerous and geographically dispersed across the United States. While the exact number and identities of class members are unknown at this time, such information can be ascertained through appropriate investigation and discovery. The disposition of the claims of the Class members in a single class action will provide substantial benefits to all parties and to the court.

20. <u>Common Questions of Law and Fact Predominate</u>: There are many questions of law and fact common to the representative Plaintiff and the proposed Class, and those questions substantially predominate over any individualized questions that may affect individual class members. Common questions of fact and law include, but are not limited to, the following:

— 6 —
CLASS ACTION COMPLAINT

a. Whether Google committed fraud it failed to disclose sources of clicks from parked domains;

b. Whether or not Plaintiff and the members of the Class have been damaged by the wrongs complained of herein, and if so, the measure of those damages and the nature and extent of other relief that should be afforded;

c. Whether Google engaged in unfair, unlawful and/or fraudulent business practices; and

d. Whether Google failed to disclose material facts about the subject Google Adwords program.

21. <u>Typicality</u>: Plaintiff's claims are typical of the claims of the members of the Class. Plaintiff and all members of the Class have been similarly affected by Defendant's common course of conduct since material information pertaining to the source of clicks coming from parked domains was equally withheld from all.

22. <u>Adequacy of Representation</u>: Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff has retained counsel with substantial experience in prosecuting complex and class action litigation. Plaintiff and its counsel are committed to vigorously prosecuting this action on behalf of the Class, and have the financial resources to do so. Neither Plaintiff nor its counsel has any interests adverse to those of the proposed Class.

23. <u>Superiority of a Class Action</u>: Plaintiff and the members of the Class have suffered, and will continue to suffer, harm as a result of Defendant's unlawful and wrongful conduct. A class action is superior to other available methods for the fair and efficient adjudication of the present controversy as individual joinder of all members of the Class is impractical. Even if individual Class members had the resources to pursue individual litigation, it would be unduly burdensome to the courts in which the individual litigation would proceed. Individual litigation magnifies the delay and expense to all parties in the court system of resolving the controversies engendered by Defendant's

— 7 —
CLASS ACTION COMPLAINT

common course of conduct. The class action device allows a single court to provide the benefits of unitary adjudication, judicial economy, and the fair and equitable handling of all class members' claims in a single forum. The conduct of this action as a class action conserves the resources of the parties and of the judicial system, and protects the rights of the class member. Furthermore, for many, if not most, Class members, a class action is the only feasible mechanism that allows an opportunity for legal redress and justice.

24. Adjudication of individual Class members' claims with respect to the Defendant would, as a practical matter, be dispositive of the interests of other members not parties to the adjudication and could substantially impair or impede the ability of other Class members to protect their interests.

## FIRST CAUSE OF ACTION
### UNJUST ENRICHMENT

25. Plaintiff realleges the preceding paragraphs as if fully set forth herein and, to the extent necessary, pleads this cause of action in the alternative.

26. Through the actions described above, Google has received money belonging to Plaintiff and the Class through the fees collected ads placed on third party parked domain sites.

27. Additionally, Google has reaped substantial profit by concealing invalid clicks from parked domains. Ultimately, this resulted in Google's wrongful receipt of profits and injury to Plaintiff and the Class. Google has benefited from the receipt of such money that it would not have received but for its concealment.

28. As a direct and proximate result of Google's misconduct as set forth above, Google has been unjustly enriched.

29. Under principles of equity and good conscience, Google should not be permitted to keep the full amount of money belonging to Plaintiff and the Class which Google has unjustly received as a result of its actions.

WHEREFORE, Plaintiff and the Class pray for relief as set forth below.

## SECOND CAUSE OF ACTION
## FRAUDULENT CONCEALMENT

30. Plaintiff realleges the preceding paragraphs as if fully set forth herein and, to the extent necessary, pleads this cause of action in the alternative.

31. Google knew at all material times the source of invalid clicks from parked domains, and that its customers would not be able to distinguish between valid and invalid clicks from parked domains with the limited information that was provided to them. These facts were not known to Plaintiff and the Class.

32. Google had a duty to disclose the above known material facts because it knew that these material facts were unknown to Plaintiff and the Class, that Google was in a superior position of knowledge with regard to its own technology, and Google chose to make certain representations that presented only a part of the true story and thus misled its customers.

33. Google's knowledge that advertisers would be charged for invalid clicks hidden in the bulk AdWords charges from parked domains, combined with Google's knowledge that Plaintiff and the Class relied or relies upon Google to communicate the true state of facts relating to its AdWords program creates a legal obligation on Google's part to disclose the source of clicks originating from parked domains.

34. Google intentionally concealed and/or suppressed the above facts with the intent to defraud Plaintiff and the Class.

35. Plaintiff and the Class were unaware of the above facts and would not have acted as they did if they had known of the concealed material facts.

36. Google's concealment of the above facts has caused damage to Plaintiff and the Class in an amount to be shown at trial.

WHEREFORE, Plaintiff and the Class pray for relief as set forth below.

///
///
///

07-17-2008   05:54PM   Case 5:08-cv-03452-RMW   Document 1   Filed 07/17/2008   Page 10 of 13   F-653

# THIRD CAUSE OF ACTION

## VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE SECTIONS 17200 ET SEQ.

37. Plaintiff realleges the preceding paragraphs as if fully set forth herein and, to the extent necessary, pleads this cause of action in the alternative.

38. Plaintiff has standing to pursue this claim as Plaintiff has suffered injury in fact and has lost money or property as a result of Google's actions as delineated herein.

39. Class members have suffered injury in fact and have lost money or property as a result of Google's actions as delineated herein.

40. Google's actions as alleged in this complaint constitute an unfair or deceptive practice within the meaning of California Business and Professions Code sections 17200 *et seq.* in that Google's actions are unfair, unlawful and fraudulent, and because Google has made unfair, deceptive, untrue or misleading statements in advertising media, including the Internet, within the meaning of California Business and Professions Code sections 17500 *et seq.*

41. Google's business practices, as alleged herein, are unfair because they offend established public policy and/or are immoral, unethical, oppressive, unscrupulous and/or substantially injurious to consumers in that consumers are not informed of the sources of invalid clicks for which they are charged for.

42. Google's business practices, as alleged herein, are unlawful because the conduct constitutes fraudulent concealment, as well as the other causes of action herein alleged.

43. Google's practices, as alleged herein, are fraudulent because they are likely to deceive consumers.

44. Google's wrongful business acts alleged herein constituted, and constitute, a continuing course of conduct of unfair competition since Google is marketing and selling its products in a manner that is likely to deceive the public.

45. Google's business acts and practices, as alleged herein, have caused injury

— 10 —
CLASS ACTION COMPLAINT

to Plaintiff, the Class and the public.

46. Pursuant to section 17203 of the California Business and Professions Code, Plaintiffs and the class seek an order of this court enjoining Google from continuing to engage in unlawful, unfair, or deceptive business practices and any other act prohibited by law, including those acts set forth in the complaint. Plaintiff and the Class also seek an order requiring Google to make full restitution of all moneys it wrongfully obtained from Plaintiff and the Class.

WHEREFORE, Plaintiff and the Class pray for relief as set forth below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and members of the proposed Class request that the court enter an order or judgment against Defendant as follows:

1. Certification of the proposed Class and notice thereto to be paid by Defendant;
2. Adjudge and decree that Defendant has engaged in the conduct alleged herein;
3. For restitution and disgorgement on certain causes of action;
4. For an injunction ordering Defendant to cease and desist from engaging in the unfair, unlawful, and/or fraudulent practices alleged in the Complaint;
5. For compensatory and general damages according to proof on certain causes of action;
6. For special damages according to proof on certain causes of action;
7. For both pre and post-judgment interest at the maximum allowable rate on any amounts awarded;
8. Costs of the proceedings herein;
9. Reasonable attorneys fees as allowed by statute; and

///
///

10. Any and all such other and further relief that this Court may deem just and proper.

Dated: July 17, 2008

KABATECK BROWN KELLNER, LLP

By: _____
BRIAN S. KABATECK
RICHARD L. KELLNER
ALFREDO TORRIJOS
*Attorneys for Plaintiff and proposed class*



Kabateck Brown Kellner LLP
644 South Figueroa Street
Los Angeles, California 90017
FAX (213) 217-5010

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury in the instant action.

Dated: July 17, 2008

KABATECK BROWN KELLNER, LLP

By: _____
BRIAN S. KABATECK
RICHARD L. KELLNER
ALFREDO TORRIJOS
*Attorneys for Plaintiff and proposed class*

— 13 —
CLASS ACTION COMPLAINT

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

    I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 644 South Figueroa Street, Floor, Los Angeles, CA 90017.

    On **August 29, 2008**, I served the foregoing document described as **DECLARATION OF BRIAN S. KABATECK** on the interested parties in this action:

[X]    **VIA U.S. MAIL** - I deposited such envelope(s) with the United States Postal Service, enclosed in a sealed envelope, for collection and mailing with the United States Postal Service where it would be deposited for first class delivery, postage fully prepared, in the United States Postal Service that same day in the ordinary course of business. I am readily familiar with my employer's business practice for collection and processing of correspondence for mailing with the United States Postal Service.

[ ]    **VIA OVERNIGHT EXPRESS** – I am readily familiar with the firm's practice of collection and processing for overnight delivery. Under that practice it would be deposited in a box or other facility regularly maintained by Overnight Express, or delivered to an authorized courier or driver authorized by Overnight Express to receive documents, in an envelope or package designated by Overnight Express with delivery fees paid or provided for, addressed to the person on whom it is to be served, at the office address as last given by that person on any document filed in the cause and served on the party making service; otherwise at that party's place of residence

Executed on **August 29, 2008** at Los Angeles, California.

    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_____
IRMA DELEON

SERVICE LIST

LEO P. NORTON
COOLEY GODWARD KRONISH LLP
4401 Eastgate Mall
San Diego, CA 92121
Telephone: (585) 550-6000
Facsimile: (858) 550-6420

*Attorneys for Google, Inc.*
*(Levitte v. Google, Inc.; RK West v. Google, Inc., and Pulaski & Middleman v. Google, Inc.)*


CADIO ZIRPOLI
GUIDO SAVERI
RICHARD ALEXANDER SAVERI INC.
111 Pine Street, Suite 1700
San Francisco, CA 94111-5619
Telephone: (415) 217-6813
Facsimile: (415) 217-6813

*Attorneys for Plaintiff Pulaski & Middleman, LLC*
*(Pulaski & Middleman v. Google, Inc.)*


ADAM C. BELSKY
TERRY GROSS
MONIQUE ALONSO
GROSS & BELSKY ALONSO LLP
180 Montgomery Street, Suite 2200
San Francisco, CA 94104
Telephone: (415) 544-0200
Facsimile: (415) 544-0201

*Attorneys for Plaintiff Pulaski & Middleman, LLC*
*(Pulaski & Middleman v. Google, Inc.)*

4

[PROPOSED] ORDER RELATING CASES

```
 1  KIMBERLY ANN KRALOWEC
    WILLIAM F. JONCKHEER
 2  SCHUBERT JONCKHEER KOLBE & KRALOWEE LLP
 3  Three Embarcadero Center, Suite 1650
    San Francisco, CA 94111
 4  Telephone: (415) 788-4220
 5  Facsimile: (415) 788-0161

 6
    Attorneys for Plaintiff Hal K. Levittee
 7  (Levitte v. Google, Inc.)
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28                                        5
```

[PROPOSED] ORDER RELATING CASES