COOLEY GODWARD KRONISH LLP
MICHAEL G. RHODES (116127) (rhodesmg@cooley.com)
LEO P. NORTON (216282) (lnorton@cooley.com)
4401 Eastgate Mall
San Diego, CA 92121
Telephone: (858) 550-6000
Facsimile: (858) 550-6420

Attorneys for Defendant
GOOGLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

RK WEST, INC., a California corporation d/b/a/ Malibu Wholesale, individually and on Behalf of All Others Similarly Situated,

Plaintiff,

v.

GOOGLE, INC., a Delaware corporation; and DOES 1 through 10, inclusive,

Defendants.

Case No. 08-CV-03452 RMW RS

**OPPOSITION TO ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED PURSUANT TO CIVIL LOCAL RULE 3-12**

COOLEY GODWARD KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

**OPP. TO ADMIN. MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED
08-CV-03452 RMW RS**

## I. INTRODUCTION

Defendant Google Inc. ("Google") opposes the administrative motion filed by Plaintiff RK West, Inc. ("RK West"), which represents nothing more than a preemptive strike against Google's previously announced administrative motion to relate four cases pending in this district regarding Google's AdWords advertising program, which Google concurrently filed with this opposition in the case *David Almeida v. Google, Inc.*, Case No. C 08-02088-RMW. RK West's motion highlights the erosion of cooperation that has become all too common in putative class action cases. On August 25, 2008, four days before RK West filed its motion in this case, Google wrote all plaintiffs' counsel and notified them that Google stood ready to file an administrative motion to relate four cases, provided copies of the four complaints, and requested that the plaintiffs stipulate, as Google was required to do under Civil Local Rule 7-11 before filing the motion, that the cases were related. Without the courtesy of responding to Google's letter even after obtaining a one-week extension to do so, RK West filed its own administrative motion on August 29, 2008 seeking to relate three of the four cases that Google notified RK West that it intended to relate. Because RK West neglected to deliver the motion on the same day it was filed as required, and instead served it by mail, Google did not learn of RK West's improper tactical maneuver until the late morning of September 2, 2008. Not surprisingly, considering RK West's haste to preemptively file its administrative motion before Google, RK West's motion suffers from numerous procedural and substantive defects. Consequently, it should be denied.

## II. BACKGROUND AND RK WEST'S QUESTIONABLE CONDUCT IN FILING ITS MOTION

There are four cases presently pending against Google in this district relating to Google's AdWords advertising program that are related and that should be reassigned for coordinated or consolidated proceedings before the same judge. Those cases are:

- *David Almeida v. Google, Inc.*, Case No. C 08-02088-RMW ("*Almeida* case");
- *Hal K. Levitte v. Google, Inc.*, Case No. C 08-03369-JW ("*Levitte* case");
- *RK West, Inc. v. Google, Inc.*, Case No. C 08-03452-RMW ("*RK West* case"); and
- *Pulaski & Middleman, LLC v. Google Inc.*, Case No. C 08-03888-SI ("*Pulaski* case").[1]

---

[1] A copy of the *Almeida* case Complaint is attached as Exhibit 1 to the Declaration of Leo P.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

1.   OPP. TO ADMIN. MOTION TO CONSIDER
WHETHER CASES SHOULD BE RELATED
08-CV-03452 RMW RS

On August 25, 2008, Google's counsel sent all plaintiffs' counsel a meet and confer letter that: (1) notified all plaintiffs that Google was prepared to file an administrative motion under Civil Local Rules 3-12 and 7-11 in the *Almeida* case; (2) provided all plaintiffs with copies of the complaints and the reasons why the cases were related; (3) attempted to reach a stipulation that the four cases are related as required under Civil Local Rule 7-11; and (4) requested that Google's deadline to respond to the *Levitte*, *RK West*, and *Pulaski* complaints be coordinated and extended until September 30, 2008. Norton Declaration, ¶ 3 & Exhibit 2. Plaintiff's counsel in the *Levitte* case, purportedly on behalf of all plaintiffs, requested a one-week extension to respond to September 3, 2008, and later stated they would respond by August 28, 2008. Norton Declaration, ¶ 4 & Exhibit 3. Having not yet received a response as of the morning of September 2, 2008, Google's counsel demanded a response by the end of the day. Norton Declaration, ¶ 5 & Exhibit 4. Later that morning, Google's counsel received by mail RK West's administrative motion. Norton Declaration, ¶ 7. As of the filing of this opposition, RK West has not responded to any aspect of Google's letter dated August 25, 2008, including Google's request for a consolidated response date. Norton Declaration, ¶ 6. Google has received responses from the plaintiffs in the *Levitte* and *Pulaski* cases, each taking the position that the *Almeida* case is not related but still stipulating to Google's request for a consolidated response deadline of September 30, 2008. Norton Declaration, ¶ 6.

## III. RK WEST'S ADMINISTRATIVE MOTION SHOULD BE DENIED BECAUSE IT IS PROCEDURALLY IMPROPER

RK West's motion should be denied on four independent procedural grounds: (1) RK West filed it in the wrong case; (2) RK West failed to deliver it to Google the same day it was filed; (3) RK West failed to meet and confer in an effort to obtain a stipulation; and (4) it is procedurally unnecessary in light of Google's administrative motion to relate all four Google AdWords advertising program putative class actions pending in this district.

---

Norton in Support of Opposition. A copy of the *Levitte* case Complaint is attached as Exhibit C to RK West's administrative motion. A copy of the *RK West* case Complaint is attached as Exhibit A to RK West's administrative motion. A copy of the *Pulaski* case complaint is attached as Exhibit B to RK West's administrative motion.

**A. RK West Filed Its Administrative Motion in the Wrong Case.**

Under Civil Local Rule 3-12(b), an administrative motion to relate cases must be filed in the low-numbered case. Civil L.R. 3-12(b). The *RK West* case plaintiff's administrative motion attempts to relate the following three cases:

- *Hal K. Levitte v. Google, Inc.*, Case No. C 08-03369-JW;
- *RK West, Inc. v. Google, Inc.*, Case No. C 08-03452-RMW; and
- *Pulaski & Middleman, LLC v. Google Inc.*, Case No. C 08-03888-SI.

The low-numbered case in this instance is the *Levitte* case, not the *RK West* case, and therefore RK West's administrative motion in this case was not properly filed and should be denied.

**B. RK West Failed To Deliver Its Administrative Motion to Google on the Same Day It Filed It As Required.**

Civil Local Rule 3-12(b) requires compliance with Civil Local Rule 7-11's requirements for Administrative Motions, and requires service on all known parties in the cases sought to be related. Civil L.R. 3-12(b). Civil Local Rule 7-11 requires that the "moving party must deliver the motion and all attachments to all other parties on the same day as the motion is filed." Civil L.R. 7-11(a). RK West failed to satisfy this requirement.

RK West filed its administrative motion on Friday, August 29, 2008. Document No. 10. Google did not receive the motion until Tuesday, September 2, 2008 because RK West served the motion and supporting documents by priority U.S. Mail, rather than delivering them on the same day as filed as required. Norton Declaration, ¶ 7. RK West's administrative motion should be denied for failure to adhere to Civil Local Rule 7-11.

**C. RK West Failed To Engage in Any Attempt to Obtain a Stipulation from Google as Required.**

Civil Local Rule 7-11(a) mandates that the moving party attempt to obtain a stipulation under Civil Local Rule 7-12 or submit a declaration that explains why a stipulation could not be obtained. Civil L.R. 7-11(a). RK West never communicated with Google regarding its administrative motion, nor did RK West ever respond to Google's attempt to obtain a stipulation on Google's administrative motion. Instead, RK West filed its administrative motion without

COOLEY GODWARD KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

3.

OPP. TO ADMIN. MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED
08-CV-03452 RMW RS

warning and knowing full well that Google stood ready to file its administrative motion but was waiting for a response from all plaintiffs' counsel before doing so. RK West should not be permitted to ignore the Local Rules. Having failed to adhere to Civil Local Rule 7-11(a), RK West's administrative motion should be denied.

### D. RK West's Administrative Motion Is Procedurally Unnecessary Because of Google's Administrative Motion Filed in the *Almeida* Case.

Google filed its own administrative motion to relate the *Almeida*, *Levitte*, *RK West*, and *Pulaski* cases. Because the *Almeida* case is the low-numbered case, Google filed its administrative motion in that action. Norton Declaration, ¶ 8. Google's motion renders RK West's motion unnecessary because Civil Local Rules 3-12 provides an opportunity for a party in RK West's position to contend that some, but less than all, of the cases subject to an administrative motion are related.

Civil Local Rule 3-12(e) allows a non-moving party to file a response to an administrative motion, and specifically provides that if "a party contends that not all of the cases are related, the party must address whether any of the cases are related to one another." Civil L.R. 3-12(e). Moreover, Civil Local Rule 3-12(f) provides that if the judge assigned to the low-numbered case (here, the *Almeida* case) decides that the cases are not related, the Clerk shall submit the order to the judges assigned to the other cases, in the order those cases were filed, to decide whether any of those cases are related. Civil L.R. 3-12(f)(2)-(3).

Rather than rushing to file its own preemptive administrative motion, the proper way for RK West to attempt to relate only the *Levitte*, *RK West*, and *Pulaski* cases would have been to oppose Google's administrative motion filed in the *Almeida* case, and request that the Court relate the *Levitte*, *RK West*, and *Pulaski* cases, but not the *Almeida* case. If the *Almeida* case judge denied the administrative motion, the judge in the *Levitte* case (Judge James Ware) could have related the *Levitte*, *RK West*, and *Pulaski* cases, which all parties in all cases agree at a minimum are related. RK West's failure to do so has resulted in needless duplicative administrative motions and the attendant expense of multiple filings in different cases. Moreover, in its rush to beat Google to the punch, RK West stumbled over numerous procedural requirements, including

filing its motion in the wrong case, without properly serving it, and without meeting and conferring. This attempt to circumvent the Civil Local Rules and take advantage of Google's efforts to meet and confer on the related case issue should be rejected.

## IV. RK WEST'S ADMINISTRATIVE MOTION SHOULD BE DENIED BECAUSE IT DOES NOT INCLUDE THE *ALMEIDA* CASE WHICH IS ALSO RELATED AND WHICH IS THE LOW-NUMBERED CASE

RK West's administrative motion also fails substantively because it rests on the theory that the *Almeida* case is not related. RK West is wrong. The *Almeida* case, like the *Levitte*, *RK West*, and *Pulaski* cases, asserts claims against Google based on alleged issues with Google's AdWords advertising program. The claims are based on the same legal theories—unjust enrichment and California Business and Professions Code section 17200. Further, the cases involve overlapping putative class of Google AdWords customers. The only difference between the cases is the aspect of the AdWords advertising program being challenged. But that difference is insubstantial, and does not avoid the potential for unduly burdensome duplication of labor and expense in document and deposition discovery directed at Google's AdWords advertising program and the contracts that govern that program or conflicting results regarding at a minimum class certification.

## V. CONCLUSION

RK West's administrative motion should be denied because it suffers from numerous procedural and substantive defects as set forth above.

Dated: September 4, 2008

COOLEY GODWARD KRONISH LLP
MICHAEL G. RHODES (116127)
LEO P. NORTON (216282)

By: /s/Leo P. Norton
Leo P. Norton

Attorneys for Defendant GOOGLE INC.

**CERTIFICATE OF SERVICE**

I hereby certify that on September 4, 2008, I electronically filed the foregoing **OPPOSITION TO ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED PURSUANT TO CIVIL LOCAL RULE 3-12** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following attorneys of record at the following listed email addresses.

- **Brian S. Kabateck**
  bsk@kbklawyers.com
- **Richard Kellner**
  rlk@kbklawyers.com,rs@kbklawyers.com
- **Alfredo Torrijos**
  at@kbklawyers.com,icd@kbklawyers.com

I also hereby certify that I caused the foregoing document to be personally delivered by consigning the document(s) to an authorized courier and/or process server for hand delivery on this 4th day of September, 2008 to the following listed addresses.

Erik Swen Syverson
Pick & Boydston, LLP
1000 Wilshire Boulevard
Suite 600
Los Angeles, CA 90017
***Attorneys for Plaintiff RK West, Inc.***

COOLEY GODWARD KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

6.

OPP. TO ADMIN. MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED
08-CV-03452 RMW RS

Guido Saveri
R. Alexander Saveri
Cadio Zirpoli
Saveri & Saveri Inc.
111 Pine Street
Suite 1700
San Francisco , CA 94111
***Attorneys for Plaintiff Pulaski & Middleman, LLC***

Terry Gross
Adam C. Belsky
Monique Alonso
Gross Belsky Alonso LLP
180 Montgomery Street
Suite 2200
San Francisco , CA 94104
***Attorneys for Plaintiff Pulaski & Middleman, LLC***

Robert C. Schubert
Willem F. Jonckheer
Kimberly Ann Kralowec
Schubert Jonckheer Kolbe & Kralowec LLP
Three Embarcadero Center
Suite 1650
San Francisco , CA 94111
***Attorneys for Plaintiff Hal K. Levitte***

Hon. Susan Illston
United States District Court
Northern District of California
450 Golden Gate Ave.
Courtroom 10, 19th Floor
San Francisco, CA 94102
**COURTESY COPY**
***Pulaski & Middleman, LLC v. Google Inc., Case No. 08-cv-03888***

Hon. James Ware
United States District Court
Northern District of California
280 South 1st Street
Courtroom 8, 4th Floor
San Jose, CA 95113
**COURTESY COPY**
***Hal K. Levitte, Case No. 08-cv-03369***

Kendra Jones
COOLEY GODWARD KRONISH LLP
4401 Eastgate Mall
San Diego, CA 92121-1909
Telephone: (858) 550-6000
FAX: (858) 550-6420
Email: kjones@cooley.com

602140 /SD

COOLEY GODWARD KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

7.

**OPP. TO ADMIN. MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED**
**08-CV-03452 RMW RS**