COOLEY GODWARD KRONISH LLP
MICHAEL G. RHODES (116127) (rhodesmg@cooley.com)
LEO P. NORTON (216282) (lnorton@cooley.com)
4401 Eastgate Mall
San Diego, CA 92121
Telephone:    (858) 550-6000
Facsimile:    (858) 550-6420

Attorneys for Defendant
GOOGLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RK WEST, INC., a California corporation d/b/a Malibu Wholesale, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE, INC. a Delaware Corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.  08-CV-03452 RMW RS<br><br>**DECLARATION OF LEO P. NORTON IN SUPPORT OF OPPOSITION TO ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED PURSUANT TO CIVIL LOCAL RULE 3-12** |

I, Leo P. Norton, declare:

1.    I am an attorney licensed to practice law in the State of California, and I am admitted to practice before this Court. I am an associate with the law firm of Cooley Godward Kronish LLP, attorneys for Defendant Google Inc. in this action and in the three actions that RK West seeks to relate through its administrative motion. As an attorney for Google, I have personal knowledge of the facts set forth in this Declaration, and if called upon to testify, I could and would testify competently thereto.

2.    Attached hereto as Exhibit 1 is a true and correct copy of the Complaint against Google in the case entitled *David Almeida v. Google, Inc.*, Case No. C 08-02088-RMW ("*Almeida* case"), which was filed on April 22, 2008.

3.    On August 25, 2008, I sent plaintiffs' counsel in the *Almeida*, *Levitte*, *RK West*, and *Pulaski* cases a meet and confer letter via email and mail. I wrote to them to: (1) notify them that the *Levitte*, *RK West*, and *Pulaski* cases are related to each other and to the earlier-filed *Almeida* case; (2) attempt to reach a stipulation on Google's intended administrative motion under Civil Local Rules 3-12 and 7-11 to relate the cases; and (3) request that Google's time to answer or otherwise respond to the *Levitte*, *RK West*, and *Pulaski* cases complaints be coordinated and an extension of time such that Google's new response deadline in those three cases is on or before September 30, 2008. I requested that plaintiffs counsel respond to my letter by end of day Wednesday, August 27, 2008. Attached as Exhibit 2 is a true and correct copy of the letter I sent to plaintiffs' counsel on August 25, 2008.

4.    On August 26, 2008, at 9:24 a.m., I received an email from plaintiff's counsel in the *Levitte* case, which was copied to all other plaintiffs' counsel, purporting to write on behalf of plaintiffs' counsel in the *Almeida*, *Levitte*, *RK West*, and *Pulaski* cases and requesting an additional week to and including September 3, 2008 to respond to my August 25, 2008 letter and granting an interim extension to respond to the complaint in the *Levitte* case. Later that day, at 12:19 p.m., I responded via email, which was copied to all plaintiffs' counsel in the four cases, granting their requested extension. Still later that day, at 1:00 p.m., I received another email from plaintiff's counsel in the *Levitte* case, which was copied to all other plaintiffs' counsel, stating

1.

1    that plaintiffs' counsel in the four cases would be discussing the issues raised in my August 25,

2    2008 letter and that they would respond by Thursday, August 28, 2008 at the latest.  Attached as

3    Exhibit 3 is a true and correct copy of an email chain containing my email to all plaintiffs'

4    counsel on August 25, 2008 enclosing my August 25, 2008 letter, the *Levitte* case plaintiff's

5    counsel's response on August 26, 2008, at 9:24 a.m., my response that day at 12:19 p.m., and the

6    *Levitte* case plaintiff's counsel's response at 1:00 p.m.

7         5.    I did not receive a response from any of the plaintiffs' counsel on Thursday,

8    August 28, 2008 as promised.  Having still not received any response after the holiday weekend, I

9    emailed all plaintiffs' counsel on September 2, 2008, at 8:11 a.m., demanding that plaintiffs

10   respond to my August 25, 2008 letter by noon.  Attached as Exhibit 4 is a true and correct copy of

11   my September 2, 2008 email.

12        6.    As of the signing and filing of this declaration, I have not received a response to

13   my August 25, 2008 letter or any of my email communications from the *RK West* case plaintiff's

14   counsel.  The *RK West* plaintiff's counsel, who is also the *Almeida* case plaintiff's counsel, is the

15   only plaintiff's counsel that has not responded to my communications, and it is the only plaintiff's

16   counsel that has not responded to my request that Google's time to answer or otherwise respond

17   to the *Levitte*, *RK West*, and *Pulaski* cases complaints be coordinated and that Google be granted

18   an extension of time such that Google's new response deadline in those three cases is on or before

19   September 30, 2008.  I have received responses from the *Levitte* and *Pulaski* cases plaintiffs, both

20   of whom take the position that the *Almeida* case is not related but have stipulated to Google's

21   request for a consolidated response deadline of September 30, 2008.

22        7.    Late in the morning on September 2, 2008, I received via priority U.S. mail the *RK*

23   *West* case plaintiff's Administrative Motion to Consider Whether Cases Should be Related

24   Pursuant to Civil Local Rule 3-12 and supporting documents that were filed in the *RK West* case.

25   The administrative motion seeks to relate the *Levitte*, *RK West*, and *Pulaski* cases before Judge

26   James Ware.

27        8.    Today, concurrently with the filing of its opposition to the *RK West* case plaintiff's

28   administrative motion, Google filed its administrative motion in the *Almeida* case, which seeks to

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

2.

NORTON DEC I/S/O OPPOSITION TO
ADMINISTRATIVE MOTION
08-CV-03452 RMW RS

relate the *Almeida*, *Levitte*, *RK West*, and *Pulaski* cases.  The *Almeida* case is the low-numbered case.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on September 4, 2008, at San Diego, California.

Leo P. Norton

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

3.

NORTON DEC I/S/O OPPOSITION TO
ADMINISTRATIVE MOTION
08-CV-03452 RMW RS

**CERTIFICATE OF SERVICE**

I hereby certify that on September 4, 2008, I electronically filed the foregoing **DECLARATION OF LEO P. NORTON IN SUPPORT OF OPPOSITION TO ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED PURSUANT TO CIVIL LOCAL RULE 3-12** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following attorneys of record at the following listed email addresses.

- **Brian S. Kabateck**
  bsk@kbklawyers.com
- **Richard Kellner**
  rlk@kbklawyers.com,rs@kbklawyers.com
- **Alfredo Torrijos**
  at@kbklawyers.com,icd@kbklawyers.com

I also hereby certify that I caused the foregoing document to be personally delivered by consigning the document(s) to an authorized courier and/or process server for hand delivery on this 4th day of September, 2008 to the following listed addresses.

Erik Swen Syverson
Pick & Boydston, LLP
1000 Wilshire Boulevard
Suite 600
Los Angeles, CA 90017
*Attorneys for Plaintiff RK West, Inc.*

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

4.

NORTON DEC I/S/O OPPOSITION TO
ADMINISTRATIVE MOTION
08-CV-03452 RMW RS

| | |
|---|---|
| 1 | Guido Saveri |
| 2 | R. Alexander Saveri |
| | Cadio Zirpoli |
| 3 | Saveri & Saveri Inc. |
| | 111 Pine Street |
| 4 | Suite 1700 |
| 5 | San Francisco , CA 94111 |

1  Guido Saveri
2  R. Alexander Saveri
   Cadio Zirpoli
3  Saveri & Saveri Inc.
   111 Pine Street
4  Suite 1700
   San Francisco , CA 94111
5  *Attorneys for Plaintiff Pulaski & Middleman,*
   *LLC*
6

7  Robert C. Schubert
   Willem F. Jonckheer
8  Kimberly Ann Kralowec
   Schubert Jonckheer Kolbe & Kralowec LLP
9  Three Embarcadero Center
   Suite 1650
10 San Francisco , CA 94111
11 *Attorneys for Plaintiff Hal K. Levitte*

12

13 Hon. James Ware
   United States District Court
14 Northern District of California
   280 South 1st Street
15 Courtroom 8, 4th Floor
   San Jose, CA  95113
16 **COURTESY COPY**
   *Hal K. Levitte, Case No. 08-cv-03369*
17

18

19

20

21

22

23 602239 /SD

24

25

26

27

28

Terry Gross
Adam C. Belsky
Monique Alonso
Gross Belsky Alonso LLP
180 Montgomery Street
Suite 2200
San Francisco , CA 94104
*Attorneys for Plaintiff Pulaski & Middleman,*
*LLC*

Hon. Susan Illston
United States District Court
Northern District of California
450 Golden Gate Ave.
Courtroom 10, 19th Floor
San Francisco, CA 94102
**COURTESY COPY**
*Pulaski & Middleman, LLC v. Google Inc.,*
*Case No. 08-cv-03888*

Kendra Jones
COOLEY GODWARD KRONISH LLP
4401 Eastgate Mall
San Diego, CA  92121-1909
Telephone: (858) 550-6000
FAX: (858) 550-6420
Email:  kjones@cooley.com

5.

NORTON DEC I/S/O OPPOSITION TO
ADMINISTRATIVE MOTION
08-CV-03452 RMW RS

# EXHIBIT 1

**FILED**

2008 APR 22 A II: 47

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA, S. J.

ADR

E-FILING

1  BRIAN S. KABATECK, SBN 152054
   (bsk@kbklawyers.com)
2  RICHARD L. KELLNER, SBN 171416
   (rlk@kbklawyers.com)
3  ALFREDO TORRIJOS, SBN 222458
   (at@kbklawyers.com)
4  KABATECK BROWN KELLNER LLP
   644 South Figueroa Street
5  Los Angeles, California 90017
   Telephone: (213) 217-5000
6  Facsimile: (213) 217-5010

7  Attorneys for Plaintiff
   David Almeida
8

9

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

12  DAVID ALMEIDA, individually and on          **C08   02088   HRL**
13  behalf of all others similarly situated,

14          Plaintiff,                          **CLASS ACTION COMPLAINT**

15      vs.

16                                              **JURY TRIAL DEMANDED**

17  GOOGLE, INC., a Delaware
    Corporation; and DOES 1 through 10,
18  inclusive,

19          Defendants.

20

21

22

23      Plaintiff David Almeida ("Plaintiff"), individually and on behalf of the class

24  described below, by his attorneys, makes the following allegations pursuant to the

25  investigation of his counsel and based upon information and belief except as to

26  allegations specifically pertaining to Plaintiff and his counsel, which are based on

27  personal knowledge. Plaintiff brings this action for damages and injunctive relief against

28  defendant, demanding a trial by jury.

---

**CLASS ACTION COMPLAINT**

## NATURE OF THE ACTION

1.    Plaintiff brings this class action against Google, Inc. ("Google") to recover damages and other relief available at law and in equity on behalf of himself as well as on behalf of the members of the following class:

> *All persons or entities located within the United States who bid on a keyword though AdWords, left the "CPC content bid" input blank, and were charged for content ads.*

2.    This action arises from Google's deceptive, fraudulent and unfair practice of tricking advertisers who seek on-line advertising through Google's AdWords program into bidding for a service that they do not want.

3.    Google is commonly thought simply as an Internet search engine; in fact Google's business is online advertising. Google's business model is primarily dependent on linking individuals who are searching the internet with advertisers who pay Google (and others) for each time the linkage occurs. The Google Network is the largest online advertising network in the United States.

4.    AdWords is Google's primary advertising program and is the main source of its revenue. Through AdWords, Google permits would-be advertisers to bid on words or phrases that will trigger the advertisers' ads. AdWords is premised on a pay-per-click ("PPC") model, meaning that advertisers pay only when their ads are clicked. As part of the AdWords bidding process, therefore, advertisers must set a maximum cost per click ("CPC") bid that the advertiser is willing to pay each time someone clicks on its ad. When an advertiser is choosing its CPC bid, it is also given the "option" of entering a separate bid for clicks originating from Google's "content network" which consists of sites that are not search engines. These content network sites are those that use AdSense, the other side of the Google advertising model.

5.    This action arises from the fact that Google does not inform its advertisers that if they leave the content bid CPC input blank, Google will use the advertiser's CPC bid for clicks occurring on the content network. Google does this despite the fact that ads

Kabateck Brown Kellner LLP
644 South Figueroa Street
Los Angeles, California 90017
(213) 217-5000
FAX (213) 217-5010

— 2 —

1  placed on the content network are demonstrably inferior to ads appearing on search result

2  pages. Because there is no option to opt out of content ads during the AdWords

3  registration process, advertisers reasonably believe that by leaving the content ad CPC

4  input blank they can opt out of having their ads placed on the content network. Google,

5  however, has charged and continues to charge those advertisers who leave content ad

6  CPC input blank for content ads on third party websites.

7                                           **PARTIES**

8         6.     Plaintiff David Almeida ("Plaintiff") is a resident of Essex County,

9  Massachusetts and citizen of Massachusetts. Plaintiff has previously registered for an

10 AdWords account as more particularly described herein and has also previously been

11 charged for content ads as more particularly described herein.

12        7.     Plaintiff is informed and believes and thereon alleges that defendant

13 Google. Inc. ("Google") is a Delaware Corporation doing business in the state of

14 California. Plaintiff is informed and believes and thereon alleges that there is no one

15 state where Google conducts a substantial predominance of its business, making its

16 principal place of business the state where it is headquartered. Network Solutions'

17 headquarters – and, thus, its principal place of business – are located at 1600

18 Amphitheatre Parkway, Mountain View, California. Accordingly, Defendant Google is a

19 citizen of Delaware and California.

20        8.     Plaintiff does not know the true names or capacities of the persons or

21 entities sued herein as DOES 1 to 10, inclusive, and therefore sues such defendants by

22 such fictitious names. Plaintiff is informed and believes and thereon alleges that each of

23 the DOE defendants is in some manner legally responsible for the damages suffered by

24 Plaintiff and the members of the class as alleged herein. Plaintiff will amend this

25 complaint to set forth the true names and capacities of these defendants when they have

26 been ascertained, along with appropriate charging allegations, as may be necessary.

27

28

Kabateck Brown Kellner LLP
644 South Figueroa Street
Los Angeles, California 90017
TEL (213) 217-5000
FAX (213) 217-5010

— 3 —

**CLASS ACTION COMPLAINT**

## JURISDICTION AND VENUE

9.    This Court has diversity subject matter jurisdiction over this class action
pursuant to 28 U.S.C. § 1332(d) in that this is a civil action filed under Rule 23 of the
Federal Rules of Civil Procedure and members of the class of Plaintiffs are citizens of a
State different from defendant Google, and the aggregated amount in controversy exceeds
$5,000,000, exclusive of interest and costs. See 28 U.S.C. § 1332(d)(2), (6).

10.    Venue is proper in the Northern District of California pursuant to 28 U.S.C.
§ 1391(a) in that: (1) Google resides in this judicial district; (2) a substantial part of the
events or omissions giving rise to the claims asserted herein occurred in this judicial
district; and (3) Google is subject to personal jurisdiction in the Northern District of
California.

## FACTUAL BACKGROUND

11.    Google offers advertisers two types of ads. The first is a search ad. When
an Internet user uses Google to search for a specific term or term, Google will display the
ads of advertisers who have bid for those particular keywords. The second type of ad is
contextual based ads, or content ads. These ads are shown on third party websites that
have content that matches the keywords bid on by the advertiser. For example, an ad for
a hardware store may be shown on a website that has content about home improvement
projects.

12.    In order to advertise with Google, advertisers must register with AdWords,
Google's advertising program. The process of registering with AdWords involves an
online process that begins by clicking on the "Advertising Programs" link on Google's
homepage. After selecting to register with AdWords and the desired version, the
advertiser moves to the initial step of the sign-up process. First, the advertiser selects the
target language and geographic location. Then, the advertiser creates the ad that will be
placed on Google's website or on third party websites and selects the desired keywords.
The advertiser then selects the maximum daily budget and the maximum CPC bid. Here,

Kabateck Brown Kellner LLP
644 South Figueroa Street
Los Angeles, California 90017
(213) 217-5000
FAX (213) 217-5010

— 4 —

1   the advertiser has two choices, the "Default CPC bid" and the "CPC content bid". Next

2   to the "CPC content bid" input is the word "optional".

3       12.    Nowhere on this page, or anywhere in the registration process, is there the

4   option to opt-out of content ads.

5       13.    Advertisers who do not want to pay for ads placed on third party websites,

6   therefore leave the "CPC content bid" input blank, reasonably believing that the word

7   "optional" means that having content ads placed on third party websites is optional.

8       14.    Google, however, fails to inform that an advertiser who leaves this

9   "optional" input blank will nonetheless be charged for third party content ads. By

10   redefining the universally understood meaning of an input form left blank, and then

11   intentionally concealing this redefinition, Google has fraudulently taken millions of

12   dollars from Plaintiff and the members of the class.

13       15.    Plaintiff enrolled in AdWords in November 2006. Plaintiff created an

14   advertising campaign for his private investigation business. Plaintiff set the desired bids

15   for his ads, and, not wanting to pay for ads placed on third part content sites, left the CPC

16   content bid input blank. Plaintiff, like any reasonable consumer, expected that leaving an

17   input blank would indicate that he did not want to bid on content ads. This expectation

18   was supported by the fact that Plaintiff was not given the option of opting out of content

19   bids during the advertising campaign creation process.

20       16.    Despite leaving the CPC content bid input blank, Google charged Plaintiff

21   for unwanted third party content ads.

22

23                      **CLASS ALLEGATIONS**

24       13.    <u>Description of the Class</u>: Plaintiff brings this nationwide class action on

25   behalf of himself and the Class defined as follows:

26             *All persons or entities located within the United States*

27             *who bid on a keyword though AdWords, left the "CPC*

28             *content bid" input blank, and were charged for content ads.*

Kabateck Brown Kellner LLP
644 South Figueroa Street
Los Angeles, California 90017
(213) 217-5000
FAX (213) 217-5010

— 5 —

14. Excluded from the Class are governmental entities, Defendant, any entity in which Defendant has a controlling interest, and Defendant's officers, directors, affiliates, legal representatives, employees, co-conspirators, successors, subsidiaries, and assigns. Also excluded from the Class is any judge, justice, or judicial officer presiding over this matter and the members of their immediate families and judicial staff.

15. Plaintiff reserves the right to modify the class description and the class period based on the results of discovery.

16. <u>Numerosity</u>: The proposed Class is so numerous that individual joinder of all its members is impracticable. Due to the nature of the trade and commerce involved, however, Plaintiff believes that the total number of class members is at least in the hundreds of thousands and that the members of the Class are numerous and geographically dispersed across the United States. While the exact number and identities of class members are unknown at this time, such information can be ascertained through appropriate investigation and discovery. The disposition of the claims of the Class members in a single class action will provide substantial benefits to all parties and to the court.

17. <u>Common Questions of Law and Fact Predominate</u>: There are many questions of law and fact common to the representative Plaintiff and the proposed Class, and those questions substantially predominate over any individualized questions that may affect individual class members. Common questions of fact and law include, but are not limited to, the following:

a. Whether Google charges for advertisements placed on third party websites when the "optional" CPC content bid input is left blank, and whether Google discloses this material fact to consumers;

b. Whether Google failed to disclose that when the "optional" CPC content bid input is left blank, Google will still charge for ads placed on third party websites;

Kabateck Brown Kellner LLP
644 South Figueroa Street
Los Angeles, California 90017
Tel: (213) 217-5000
FAX (213) 217-5010

--- 6 ---
CLASS ACTION COMPLAINT

c.   Whether or not Plaintiff and the members of the Class have been damaged by the wrongs complained of herein, and if so, the measure of those damages and the nature and extent of other relief that should be afforded;

d.   Whether Google engaged in unfair, unlawful and/or fraudulent business practices; and

e.   Whether Google failed to disclose material facts about the subject Google Adwords program.

18.   Typicality:   Plaintiff's claims are typical of the claims of the members of the Class.  Plaintiff and all members of the Class have been similarly affected by Defendant's common course of conduct since they were charged for ads although they also left the "optional" CPC content bid blank..

19.   Adequacy of Representation:   Plaintiff will fairly and adequately represent and protect the interests of the Class.  Plaintiff has retained counsel with substantial experience in prosecuting complex and class action litigation.  Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the Class, and have the financial resources to do so.  Neither Plaintiff nor his counsel has any interests adverse to those of the proposed Class.

20.   Superiority of a Class Action:   Plaintiff and the members of the Class have suffered, and will continue to suffer, harm as a result of Defendant's unlawful and wrongful conduct.  A class action is superior to other available methods for the fair and efficient adjudication of the present controversy as individual joinder of all members of the Class is impractical.  Even if individual Class members had the resources to pursue individual litigation, it would be unduly burdensome to the courts in which the individual litigation would proceed.  Individual litigation magnifies the delay and expense to all parties in the court system of resolving the controversies engendered by Defendant's common course of conduct.  The class action device allows a single court to provide the benefits of unitary adjudication, judicial economy, and the fair and equitable handling of

— 7 —

**CLASS ACTION COMPLAINT**

04-22-200 Case 5:08-cv-02088-RMW    Document 1-3    Filed 04/22/2008    Page 8 of 13    F-295

1   all class members' claims in a single forum. The conduct of this action as a class action

2   conserves the resources of the parties and of the judicial system, and protects the rights of

3   the class member. Furthermore, for many, if not most, Class members, a class action is

4   the only feasible mechanism that allows an opportunity for legal redress and justice.

5       21.    Adjudication of individual Class members' claims with respect to the

6   Defendant would, as a practical matter, be dispositive of the interests of other members

7   not parties to the adjudication and could substantially impair or impede the ability of

8   other Class members to protect their interests.

9

10      **FIRST CAUSE OF ACTION**

11      **UNJUST ENRICHMENT**

12      22.    Plaintiff realleges the preceding paragraphs as if fully set forth herein and,

13  to the extent necessary, pleads this cause of action in the alternative.

14      23.    Through the actions described above, Google has received money

15  belonging to Plaintiff and the Class through the fees collected from ads placed on third

16  party content sites when a reasonable advertiser would have believed that leaving the

17  CPC content bid input blank meant that they would not be charged for content ads.

18      24.    Additionally, Google has reaped substantial profit by concealing the fact

19  that when left blank, the "optional" CPC content bid would be set at an amount that could

20  reach the amount bid for the search bid. Ultimately, this resulted in Google's wrongful

21  receipt of profits and injury to Plaintiff and the Class. Google has benefited from the

22  receipt of such money that it would not have received but for its concealment.

23      25.    As a direct and proximate result of Google's misconduct as set forth above,

24  Google has been unjustly enriched.

25      26.    Under principles of equity and good conscience, Google should not be

26  permitted to keep the full amount of money belonging to Plaintiff and the Class which

27  Google has unjustly received as a result of its actions.

28      WHEREFORE, Plaintiff and the Class pray for relief as set forth below.

Kabateck Brown Kellner LLP
644 South Figueroa Street
Los Angeles, California 90017
(213) 217-5000
FAX (213) 217-5010

— 8 —

## SECOND CAUSE OF ACTION

### FRAUDULENT CONCEALMENT

27.     Plaintiff realleges the preceding paragraphs as if fully set forth herein and, to the extent necessary, pleads this cause of action in the alternative.

28.     Google knew at all material times that when an advertiser left the "optional" CPC content bid input blank, that advertiser would still be charged for content ad placed on third party websites. These facts were not known to Plaintiff and the Class.

29.     Google had a duty to disclose the above known material facts because it knew that these material facts were unknown to Plaintiff and the Class, that Google was in a superior position of knowledge with regard to its own technology, and Google chose to make certain representations that presented only a part of the true story and misled consumers about the subject products.

30.     Google's knowledge that advertisers would be charged for content ads placed on third party websites even when they left the "optional" CPC content bid input blank, combined with Google's knowledge that Plaintiff and the Class relied or relies upon Google to communicate the true state of facts relating to its AdWords program creates a legal obligation on Google's part to disclose to Plaintiff and the Class that leaving the "optional" CPC content bid input blank did not mean that they were not subject to charges for ads placed on third party websites.

31.     Google intentionally concealed and/or suppressed the above facts with the intent to defraud Plaintiff and the Class.

32.     Plaintiff and the Class were unaware of the above facts and would not have acted as they did if they had known of the concealed material facts.

33.     Google's concealment of the above facts has caused damage to Plaintiff and the Class in an amount to be shown at trial.

WHEREFORE, Plaintiff and the Class pray for relief as set forth below.

Kabateck Brown Kellner LLP
644 South Figueroa Street
Los Angeles, California 90017
(213) 217-5000
FAX (213) 217-5010

— 9 —

**CLASS ACTION COMPLAINT**

## THIRD CAUSE OF ACTION

### VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE
### SECTIONS 17200 ET SEQ.

34.    Plaintiff realleges the preceding paragraphs as if fully set forth herein and, to the extent necessary, pleads this cause of action in the alternative.

35.    Plaintiff has standing to pursue this claim as Plaintiff has suffered injury in fact and have lost money or property as a result of Google's actions as delineated herein.

36.    Class members have suffered injury in fact and have lost money or property as a result of Google's actions as delineated herein.

37.    Google's actions as alleged in this complaint constitute an unfair or deceptive practice within the meaning of California Business and Professions Code sections 17200 et seq. in that Google's actions are unfair, unlawful and fraudulent, and because Google has made unfair, deceptive, untrue or misleading statements in advertising media, including the Internet, within the meaning of California Business and Professions Code sections 17500 et seq.

38.    Google's business practices, as alleged herein, are unfair because they offend established public policy and/or are immoral, unethical, oppressive, unscrupulous and/or substantially injurious to consumers in that consumers are not informed that they will be charged for ads placed on third party websites even though the "optional" CPC content bid input was left blank.

39.    Google's business practices, as alleged herein, are unlawful because the conduct constitutes fraudulent concealment, as well as the other causes of action herein alleged.

40.    Google's practices, as alleged herein, are fraudulent because they are likely to deceive consumers.

41.    Google's wrongful business acts alleged herein constituted, and constitute, a continuing course of conduct of unfair competition since Google is marketing and selling their products in a manner that is likely to deceive the public.

— 10 —

CLASS ACTION COMPLAINT

Kabateck Brown Kellner LLP
644 South Figueroa Street
Los Angeles, California 90017
(213) 217-5000
FAX (213) 217-5010

42.    Google's business acts and practices, as alleged herein, have caused injury to Plaintiff, the Class and the public.

43.    Pursuant to section 17203 of the California Business and Professions Code, Plaintiffs and the class seek an order of this court enjoining Google from continuing to engage in unlawful, unfair, or deceptive business practices and any other act prohibited by law, including those acts set forth in the complaint. Plaintiff and the Class also seek an order requiring Google to make full restitution of all moneys it wrongfully obtained from Plaintiff and the Class.

WHEREFORE, Plaintiff and the Class pray for relief as set forth below.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and members of the proposed Class request that the court enter an order or judgment against Defendant as follows:

1.    Certification of the proposed Class and notice thereto to be paid by Defendant;

2.    Adjudge and decree that Defendant has engaged in the conduct alleged herein;

3.    For restitution and disgorgement on certain causes of action;

4.    For an injunction ordering Defendant to cease and desist from engaging in the unfair, unlawful, and/or fraudulent practices alleged in the Complaint;

5.    For compensatory and general damages according to proof on certain causes of action;

6.    For special damages according to proof on certain causes of action;

7.    For both pre and post-judgment interest at the maximum allowable rate on any amounts awarded;

8.    Costs of the proceedings herein;

9.    Reasonable attorneys fees as allowed by statute; and

Kabateck Brown Kellner LLP
644 South Figueroa Street
Los Angeles, California 90017
(213) 217-5000
FAX (213) 217-5010

— 11 —

CLASS ACTION COMPLAINT

10. Any and all such other and further relief that this Court may deem just and proper.

Dated: April 22, 2008          KABATECK BROWN & KELLNER, LLP

By: _____
BRIAN S. KABATECK
RICHARD L. KELLNER
ALFREDO TORRIJOS
*Attorneys for Plaintiff and proposed class*

Kabateck Brown Kellner LLP
644 South Figueroa Street
Los Angeles, California 90017
(213) 217-5000
FAX (213) 217-5010

— 12 —
CLASS ACTION COMPLAINT

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury in the instant action.

Dated: April 22, 2008

KABATECK BROWN & KELLNER, LLP

By:

BRIAN S. KABATECK
RICHARD L. KELLNER
ALFREDO TORRIJOS
*Attorneys for Plaintiff and proposed class*

CLASS ACTION COMPLAINT

Kabateck Brown Kellner LLP
644 South Figueroa Street
Los Angeles, California 90017
(213) 217-5000
FAX (213) 217-5010

# EXHIBIT 2



Leo P. Norton                                           VIA EMAIL & MAIL
(858) 550-6083
lnorton@cooley.com

August 25, 2008

Guido Saveri (guido@saveri.com)          Terry Gross (terry@gba-law.com)
R. Alexander Saveri (rick@saveri.com)    Adam C. Belsky (adam@gba-law.com)
Cadio Zirpoli (cadio@saveri.com)         Monique Alonso (monique@gba-law.com)
Saveri & Saveri Inc.                     Gross & Belsky Alonso LLP
111 Pine Street, Suite 1700              180 Montgomery Street
San Francisco, CA 94111                  Suite 2200
                                         San Francisco, CA 94104

Brian S. Kabateck (bsk@kbklawyers.com)   Erik Swen Syverson
Richard L. Kellner (rlk@kbklawyers.com)  (eriksyverson@gmail.com)
Alfredo Torrijos (ar@kbklawyers.com)     Pick & Boydston, LLP
Kabateck Brown Kellner, LLP              1000 Wilshire Boulevard
644 S. Figueroa Street                   Suite 600
Los Angeles, CA 90017                    Los Angeles, CA 90017

Robert C. Schubert
(rschubert@ schubertlawfirm.com)
Willem F. Jonckheer
(wjonckheer@ schubertlawfirm.com)
Kimberly Ann Kralowec
(kkralowec@schubertlawfirm.com)
Schubert Jonckheer Kolbe & Kralowec LLP
Three Embarcadero Center
Suite 1650
San Francisco, CA 94111

RE: Google AdWords Putative Class Actions Pending in N.D. Cal.
  *David Almeida v. Google, Inc.*, Case No. C 08-02088-RMW (filed April 22, 2008)
  *Hal K. Levitte v. Google, Inc.*, Case No. C 08-03369-JW (filed July 11, 2008)
  *RK West, Inc. v. Google, Inc.*, Case No. C 08-03452-RMW (filed July 17, 2008)
  *Pulaski & Middleman, LLC v. Google Inc.*, Case No. C 08-03888-SI (filed August 14, 2008)

Dear Counsel:

We are counsel for Google Inc. in the *Levitte*, *RK West*, and *Pulaski & Middleman* cases.[1]  We write to: (1) notify you that the *Levitte*, *RK West*, and *Pulaski & Middleman* cases are related to each other and to the earlier-filed *Almeida* case; (2) attempt to reach a stipulation on Google's intended administrative motion under Civil Local Rules 3-12 and 7-11 to relate the cases; and (3) request that Google's time to answer or otherwise respond to the *Levitte*, *RK West*, and

---

[1] Keker & Van Nest, LLP is counsel of record for Google in the *Almeida* case.



Plaintiffs' Counsel in Google AdWords Actions
August 25, 2008
Page Two

*Pulaski & Middleman* complaints be coordinated and an extension of time such that Google's new response deadline in those three cases is on or before September 30, 2008. For your reference, I am enclosing a copy of the four related complaints.

## Related Google AdWords Putative Class Actions

Civil Local Rule 3-12 states that actions are related when "[t]he actions concern substantially the same parties, property, transaction or event" and "[i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." Civil L.R. 3-12(a). The four putative class actions easily satisfy the Court's requirements for related cases.

Google is the sole named defendant in all four putative class actions, and therefore, the cases concern the same defendant. Further, the cases concern substantially the same putative plaintiffs because each case asserts a putative class of Google AdWords customers.

Also, all four putative class actions arise from and relate to the named plaintiffs' and putative class members' contractual relationship with Google for Google's AdWords advertising program. Although the *Almeida* case challenges alleged charges for clicks occurring on the content network when the "CPC input" is left blank, while the *Levitte*, *RK West*, and *Pulaski* cases challenge alleged charges for clicks for advertisements placed on parked domain or error page websites, each of the cases arise from and involve the same subject matter—Google's AdWords advertising program. All the actions involve and require an understanding of Google's advertising program, Google's contractual relationship with the named plaintiffs and putative class members, AdWords, the AdWords bidding process, the way advertisements are displayed and where they are displayed, and the fees that Google charges and how those fees are charged.

Additionally, all the actions assert claims for alleged unjust enrichment and alleged violation of California Business and Professions code section 17200 arising from the Google AdWords advertising program.

Last, given that the cases concern substantially the same subject matter and involve overlapping putative classes, there is the potential for unduly burdensome duplication of party and judicial labor and expense. Moreover, there is the potential for conflicting results, at a minimum as to class certification, if the cases are not related and if they proceed as presently assigned before three different judges.

## Stipulation on Google's Administrative Motion

As required under Civil Local Rule 3-12(b), Google stands ready to file an administrative motion under Civil Local Rules 3-12 and 7-11 to relate the cases. If the cases are related, all four cases will be reassigned to the same judge, which is the judge in the low-numbered case. Here, the low-numbered case is the *Almeida* case, and the judge assigned to that case is Ronald M. Whyte. Also, the *RK West* case is already assigned to him. The *Levitte* and *Pulaski & Middleman* cases would be reassigned to him if the cases are related.



Plaintiffs' Counsel in Google AdWords Actions
August 25, 2008
Page Three

Under Civil Local Rule 7-11(a), the administrative motion "must be accompanied by a proposed order and by either a stipulation under Civil L.R. 7-12 or by a declaration that explains why a stipulation could not be obtained." Civil L.R. 7-11(a). We ask that you stipulate that the cases are related, which will result in all the cases being assigned to Judge Whyte. The administrative motion does not address the level of coordination or consolidation. That will be addressed later after the cases are reassigned to the same judge.

**Request for Extension of Time to Respond**

The *Levitte*, *RK West*, and *Pulaski & Middleman* cases have all recently been served and presently have deadlines to answer or otherwise respond to the complaints staggered throughout the first half of September. We would appreciate the professional courtesy of coordinating the deadline to respond in those three actions, and request an extension of time to respond in those three actions to on or before September 30, 2008. By then, Google's administrative motion to relate the cases will be decided (and the cases reassigned if granted). Under Civil Local Rule 6-1, we can simply stipulate to the extension without Court approval, but we will have to file the stipulation in the three respective actions.

Please contact me by end of day **Wednesday, August 27, 2008** to advise whether your respective plaintiffs will stipulate that the cases are related and whether they will agree to coordinate and extend Google's response deadline to on or before September 30, 2008.

Sincerely,

Leo P. Norton

Enclosures – as stated

cc:    Daralyn J. Durie
       Keker & Van Nest, LLP (w/ enclosures)

600883 v1/SD

# EXHIBIT 3

## Norton, Leo

| | |
|---|---|
| **From:** | Robert C. Schubert [rschubert@schubertlawfirm.com] |
| **Sent:** | Tuesday, August 26, 2008 1:00 PM |
| **To:** | Norton, Leo; Kimberly A. Kralowec; guido@saveri.com; rick@saveri.com; cadio@saveri.com; terry@gba-law.com; adam@gba-law.com; monique@gba-law.com; eriksyverson@gmail.com; bsk@kbklawyers.com; rlk@kbklawyers.com; at@kbklawyers.com; Willem F. Jonckheer |
| **Cc:** | Rhodes, Michael; Willsey, Peter; ddurie@kvn.com |
| **Subject:** | RE: Google AdWords N.D. Cal. Cases - Letter from Cooley to Plaintiffs' Counsel |

The attorneys in the CA cases will be discussing the issues you raise and expect to get back to you by Thursday at the latest.

**From:** Norton, Leo [mailto:lnorton@cooley.com]
**Sent:** Tuesday, August 26, 2008 12:19 PM
**To:** Kimberly A. Kralowec; guido@saveri.com; rick@saveri.com; cadio@saveri.com; terry@gba-law.com; adam@gba-law.com; eriksyverson@gmail.com; bsk@kbklawyers.com; rlk@kbklawyers.com; at@kbklawyers.com; Robert C. Schubert; Willem F. Jonckheer
**Cc:** Rhodes, Michael; Willsey, Peter; ddurie@kvn.com
**Subject:** RE: Google AdWords N.D. Cal. Cases - Letter from Cooley to Plaintiffs' Counsel

Ms. Kralowec:

Thank you for your prompt response. We are fine with September 3 for plaintiffs' response to our letter regarding relating the cases.

As for coordinating Google's response deadline and requested extension of time, we request that all plaintiffs' agree to coordinate and extend Google's response to September 30. Although we appreciate you agreeing to a further extension of time in your case (the *Levitte* case) until September 10, such an extension does not result in a coordinated response deadline. The deadline to respond in the *Pulaski* case is September 4. Additionally, Google was recently served with another AdWords parked domain and error page websites putative class action. That case is pending in the N.D. Ill., and has a mid-September response date. We are attempting to get plaintiff in that action to voluntarily dismiss and re-file in the N.D. Cal. in light of the California forum selection and choice of law clauses in the advertising program agreement and terms of service agreement and the four earlier filed overlapping and competing putative class actions in the N.D. Cal. If plaintiff there does not agree to do so, we intend to file a motion to dismiss or transfer or an MDL motion to get all the cases in the N.D. Cal. Considering the upcoming holiday, the number of actions that have recently been served to which responses are due staggered throughout September, the unresolved procedural issues regarding relating all the cases in N.D. Cal. before the same judge, including the N.D. Ill. action, our recent involvement, and the lack of impending deadlines in the cases other than *Almeida*, we believe coordinating the remaining responses in all cases to September 30 is reasonable.

I will call you shortly to discuss further.

Sincerely,

**Leo P. Norton**
Cooley Godward Kronish LLP • 4401 Eastgate Mall
San Diego, CA  92121-1909
Direct: 858/550-6083 • Fax: 858/550-6420
Bio: www.cooley.com/lnorton • Practice: www.cooley.com/litigation

**From:** Kimberly A. Kralowec [mailto:KKralowec@schubertlawfirm.com]
**Sent:** Tuesday, August 26, 2008 9:25 AM
**To:** Norton, Leo; guido@saveri.com; rick@saveri.com; cadio@saveri.com; terry@gba-law.com; adam@gba-law.com; monique@gba-law.com; eriksyverson@gmail.com; bsk@kbklawyers.com; rlk@kbklawyers.com; at@kbklawyers.com; Robert C. Schubert; Willem F. Jonckheer
**Cc:** Rhodes, Michael; Willsey, Peter; ddurie@kvn.com
**Subject:** RE: Google AdWords N.D. Cal. Cases - Letter from Cooley to Plaintiffs' Counsel

Dear Mr. Norton:

I write on behalf of plaintiffs' counsel in the four cases mentioned in your letter. We have received your letter and are in the process of analyzing it. We will require an additional week, through September 3, 2008, to respond to your points. To facilitate this, we are willing to agree to an additional week for Google to respond to the complaint in the *Levitte* case. The new deadline would be September 10, 2008. I am informed that the response deadlines in the other two cases are already later than that. Please contact me with any questions or concerns regarding the above.

Sincerely,

Kimberly A. Kralowec, Esq.
Schubert Jonckheer Kolbe & Kralowec LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
Telephone: (415) 788-4220
Facsimile: (415) 788-0161
Email: kkralowec@schubertlawfirm.com
Web: http://www.schubertlawfirm.com


**From:** Norton, Leo [mailto:lnorton@cooley.com]
**Sent:** Monday, August 25, 2008 11:25 AM
**To:** guido@saveri.com; rick@saveri.com; cadio@saveri.com; terry@gba-law.com; adam@gba-law.com; monique@gba-law.com; eriksyverson@gmail.com; rlk@kbklawyers.com; ar@kbklawyers.com; rschubert@chubertlawfirm.com; Willem F. Jonckheer; Kimberly A. Kralowec
**Cc:** Rhodes, Michael; Willsey, Peter; ddurie@kvn.com
**Subject:** Google AdWords N.D. Cal. Cases - Letter from Cooley to Plaintiffs' Counsel


Dear Counsel:

I am attaching a letter and enclosures also being sent to you today via mail regarding certain administrative matters relating to the Google AdWords cases pending in the Northern District of California. We request your response on two issues. Please respond by end of day on Wednesday, August 27, 2008.

<<GOOGLE Letter to Counsel.pdf>> <<Almeida v. Google.pdf>> <<Levitte v. Google.pdf>> <<RK West, Inc. v. Google.pdf>> <<Pulaski & Middleman v. Google.pdf>>

Please contact me if you have any questions. Thank you.

Sincerely,

**Leo P. Norton**
Cooley Godward Kronish LLP • 4401 Eastgate Mall
San Diego, CA  92121-1909
Direct: 858/550-6083 • Fax: 858/550-6420
Bio: www.cooley.com/lnorton • Practice: www.cooley.com/litigation

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachment) is not intended or written by us to be used, and cannot be used, (i) by any taxpayer for the purpose of avoiding tax penalties under the Internal Revenue Code or (ii) for promoting, marketing or recommending to another party any transaction or matter addressed herein.

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachment) is not intended or written by us to be used, and cannot be used, (i) by any taxpayer for the purpose of avoiding tax penalties under the Internal Revenue Code or (ii) for promoting, marketing or recommending to another party any transaction or matter addressed herein.

# EXHIBIT 4

## Norton, Leo

| | |
|---|---|
| **From:** | Norton, Leo |
| **Sent:** | Tuesday, September 02, 2008 8:11 AM |
| **To:** | 'rschubert@schubertlawfirm.com'; 'KKralowec@schubertlawfirm.com'; 'guido@saveri.com'; 'rick@saveri.com'; 'cadio@saveri.com'; 'terry@gba-law.com'; 'adam@gba-law.com'; 'monique@gba-law.com'; 'eriksyverson@gmail.com'; 'bsk@kbklawyers.com'; 'rlk@kbklawyers.com'; 'at@kbklawyers.com'; 'wjonckheer@schubertlawfirm.com' |
| **Cc:** | Rhodes, Michael; Willsey, Peter; 'ddurie@kvn.com' |
| **Subject:** | Re: Google AdWords N.D. Cal. Cases - Letter from Cooley to Plaintiffs' Counsel |

We did not receive a response on Thursday as stated in the email below, and it has been over a week since we sent our letter.  If we do not receive a response by noon today, we will file the administrative motion to relate the N.D. Cal. cases today, and advise the court (as we are required to do under the local rules) that we attempted to reach a stipulation with plaintiffs regarding relating the cases, but plaintiffs failed to respond.

Please also advise whether plaintiffs agree to coordinating and extending Google's deadline to respond to September 30.

Sincerely,

------Original Message------
From: Robert C. Schubert
To: Leo Norton
To: Kimberly A. Kralowec
To: guido@saveri.com
To: rick@saveri.com
To: cadio@saveri.com
To: terry@gba-law.com
To: adam@gba-law.com
To: monique@gba-law.com
To: eriksyverson@gmail.com
To: bsk@kbklawyers.com
To: rlk@kbklawyers.com
To: at@kbklawyers.com
To: Willem F. Jonckheer
Cc: Michael Rhodes
Cc: Willsey, Peter
Cc: ddurie@kvn.com
Sent: Aug 26, 2008 1:00 PM
Subject: RE: Google AdWords N.D. Cal. Cases - Letter from Cooley to Plaintiffs' Counsel

The attorneys in the CA cases will be discussing the issues you raise and expect to get back to you by Thursday at the latest.


From: Norton, Leo [mailto:lnorton@cooley.com]
Sent: Tuesday, August 26, 2008 12:19 PM
To: Kimberly A. Kralowec; guido@saveri.com; rick@saveri.com; cadio@saveri.com; terry@gba-law.com; adam@gba-law.com; monique@gba-law.com; eriksyverson@gmail.com; bsk@kbklawyers.com; rlk@kbklawyers.com; at@kbklawyers.com; Robert C. Schubert; Willem F. Jonckheer
Cc: Rhodes, Michael; Willsey, Peter; ddurie@kvn.com
Subject: RE: Google AdWords N.D. Cal. Cases - Letter from Cooley to Plaintiffs' Counsel


Ms. Kralowec:

Thank you for your prompt response.  We are fine with September 3 for plaintiffs' response to our letter regarding relating the cases.


As for coordinating Google's response deadline and requested extension of time, we request that all plaintiffs' agree to coordinate and extend Google's response to September 30. Although we appreciate you agreeing to a further extension of time in your case (the Levitte case) until September 10, such an extension does not result in a coordinated response deadline.  The deadline to respond in the Pulaski case is September 4. Additionally, Google was recently served with another AdWords parked domain and error page websites putative class action.  That case is pending in the N.D. Ill., and has a mid-September response date.  We are attempting to get plaintiff in that action to voluntarily dismiss

------Original Message Truncated------

---------------------------
Leo P. Norton
Cooley Godward Kronish LLP
4401 Eastgate Mall
San Diego, CA   92121-1909
Direct: 858-550-6083 Fax: 858-550-6420
Bio: www.cooley.com/lnorton  Practice: www.cooley.com/litigation